## LINDSEY *vs.* LINDSEY.

A trustee brought trover. Afterwards, he moved that he might be removed from the action, and another person be put in his place; and, in support of the motion, he showed that, by regular order of court, he had been removed from the trusteeship, and that person appointed to his place. *Held*, that the motion ought to have been granted.

Motion to make new party, in Spalding superior court. Decision by Judge CABANISS, November Term, 1858.

This was an action of trover by plaintiff in error, as trustee of Milly Lindsey, against John G. Lindsey, the defendant in the court below and in error.

Plaintiff's counsel in the court below moved to strike plaintiff's name from the record, and insert in lieu thereof as plaintiff Addison Taliaferro, trustee for Milly Lindsey, and in support of this motion offered in evidence an order of court, whereby he had been removed from the trust, and Taliaferro appointed in his place.

The court overruled the motion, and plaintiff excepted.

L. T. DOYAL, for plaintiff in error.

PEEPLES and FLOYD, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

Was the court right in overruling the motion?

The motion was made by the plaintiff, the original trustee, and was, in substance, that he might be dismissed from the case, and Addison Taliaferro put in his place. This motion he supported by evidence showing that, by a regular proceeding in court, he had been removed from

the trusteeship, and Taliaferro been appointed trustee in his place.

We see no reason why the motion should not have been allowed. The removal of the trustee caused the action to become defective; to become subject to a plea in abatement. The action, however, was still in court, and the old trustee was still plaintiff. The action was still in a state to need amendment; to need a substitution of the new trustee, as plaintiff, for the old. And the amendment act of 1854 says, that pleadings shall be amendable in all respects, at any stage of the cause. Of course the mode must be by motion.

It was argued, that before Taliaferro could become trustee, there would have to be a conveyance to him of the trust property by the old trustee. It is unnecessary to decide this question, and it is not decided. The proof was, that Taliaferro had been appointed to the place of the old trustee, by a court having jurisdiction to make the appointment. We, therefore, are to presume, at least *prima facie*, that everything was done by the court that was necessary to make the appointment effectual. Consequently we are to presume that, if a conveyance from the old trustee to the new was necessary, such a conveyance there was.

Judgment reversed.