## FERRY *v.* PAGE.

Where the property in a promissory note is transferred during the pendency of a suit upon it, there is no legal objection to the substitution of a new plaintiff; but in such a case, the rights of the defendant remain unaffected, and his defense unabridged.

In case of the substitution of a new plaintiff, where the property in the cause of action has changed since the commencement of the suit, it is not necessary that the new plaintiff should derive his right by, through, or under the original plaintiff.

Where the plaintiff claims a certain sum as due, and prays judgment for the amount, with interest, he may take judgment for the amount claimed, with interest from the time of the commencement of the action.

*Appeal from the Keokuk District Court.*

THURSDAY, JUNE 9.

THIS action was commenced by Coates, Dykensforth & Co., against the defendants, upon a promissory note, dated the 4th of December, 1855, and payable in one year and twenty days, to S. H. Gilbert, by whom it was indorsed. The defendants answered, pleading a failure of consideration, to which there was a replication.

In the progress of the cause, namely, on 11th of November, 1857, the plaintiffs, Coates, Dykensforth & Co. made a suggestion to the court, that since the commencement of the action, they had made an assignment of their property, and with the rest, of this note, to Ferry, Clark & Williams, and moved the court that they might be substituted as plaintiffs, which was done, and the cause was continued to the next term.

At the May term, 1858, these plaintiffs, Ferry, Clark & Williams, represented to the court, that on the 10th of August, 1857, Coates, Dykensforth & Co. transferred the note to E. P. Ferry, and that he was the owner of it, and prayed that he might be made party plaintiff in their place. At the same term, the said Ferry also represented the same facts to the court, and prayed to be made plaintiff, which was done accordingly, but against the will of the defendants. Thereupon the defendants moved to strike out this paper, (called the supplemental petition), of E. P. Ferry, and also demurred to it. On the filing of the before mentioned motion, (called supplemental petition), of Ferry, Clark & Williams, the defendants had pleaded that they were not the owners nor assignees of the note, but they do not appear to have objected further; and the matter does not recur after the substitution of Ferry as plaintiff.

The causes assigned for the motion above named, are 1. That Ferry had no right to interpose in a suit in which Ferry, Clark & Williams, were plaintiffs, without showing some claim from, or through them. 2. That the said supplemental petition makes an entirely new plaintiff, and one who has no claim to the subject matter of the suit through

or by Ferry, Clark & Williams. The causes assigned ·for the demurrer are: 1. That Ferry's petition claims more damages than were laid in the original petition. 2. That it shows no facts which authorize him to become the legal successor of Ferry, Clark & Williams in the suit. 3. That Ferry does not claim by, through, or under Ferry, Clark & Williams. The ruling of the court upon these matters, and substituting E. P. Ferry as plaintiff, together with the amount of the judgment, are the particulars upon which error is assigned.

*Wm. Loughridge,* for the appellant.

*Sampson & Harned,* for the appellee.

WOODWARD, J.—There is but one, and that a simple question presented, and that is, whether the court was justified in substituting E. P. Ferry as plaintiff in the action. The suit was originally brought by the indorsees of the note. Pending the action, and before plea pleaded, they assigned their property, and with it the note on which the suit is brought, for their creditors. According to the case of *Allen* v. *Newberry, ante.* 65, the action might have been permitted to continue and progress, in the name of the original plaintiffs, they being owners of the note at the commencement of the action. But, if the property in the note is transferred during the pendency of the action, there is no legal objection to the substitution of a new plaintiff. The rights of the defendant, of course, remain unaffected, and his defense unabridged.

How it come to pass, that Ferry, Clark, & Williams, were made plaintiffs, erroneously, does not appear, nor is it material. However it may be in some cases, in one like the present, the change of the plaintiff, does not change, nor in any wise affect, the cause of action. The change is formal. The former owner, (the indorsee), failing while he held the note, and assigning his property, the cause of action remains the same, .in reality, whilst the question in

whose name the action shall be brought is, in substance, a formal one. Other cases may, perhaps, be conceived, in which this question may become more important.

In the present cause, Ferry, Clark & Williams having been made plaintiffs, as being assignees, if it was found, from whatever cause, that this was wrong, we see no reason why Ferry alone should not be substituted. This being done, the defendants were at liberty to deny that he was the owner of the note; for, although the action might have been prosecuted in the name of the original plaintiff, yet, having undertaken to substitute another plaintiff, they were bound to show one who held the proper legal position.

There is no weight in the objection, that Ferry must show his right or title through, or by, or under, Ferry, Clark & Williams. Whichever of them is made plaintiff, he derives his right from the original plaintiffs, as assignee under them, and if the defendant denies the right, he may put it in issue. It was not necessary that Ferry should derive from, or through, Ferry, Clark & Williams. His claim of right might be in opposition to theirs, but, in this case, they assent to his right. He is then made plaintiff, subject to any defense of the defendant. The objection that a new plaintiff is made, has but little weight, at least, in a case of this nature, for the defense is in nowise changed.

The second cause of demurrer to the petition of Ferry to be made plaintiff, is, that it shows no facts which authorize him to become the successor of Ferry, Clark & Williams in the suit. The answer to this is, that he does not seek to come in as their successor, but instead of them, and as the assignee of the original plaintiffs. The court being satisfied that there was an error in substituting Ferry, Clark & Williams, corrected this by making Ferry alone the plaintiff. This, however, did not cut off the defendant's right to deny his title to the note, and therefore his right to stand as plaintiff.

The remaining error assigned is, that judgment was rendered for too great a sum. The petition claimed $1,104 00,

to be due, and prayed judgment for that amount, with interest and costs.   Allowing a slight difference for different modes of computation, or other cause, the sum first named appears to have been the amount due when the suit was brought, to which the plaintiff was entitled; and according to the decision of this court, he might recover interest from the commencement of the action under his petition. *Butcher* v. *Brand*, 6 Iowa, 235.

As no error is found in the rendition of the judgment below, the same is affirmed.