Nov. Term, 1861.

KELLER
v.
MILLER.

---

## KELLER *v.* MILLER.

To an action of replevin for a horse, the defendant answered that at and before the commencement of the suit, and until the horse was taken upon the writ, the same was in another county, &c.

*Held,* that the question presented by the answer was one of fact, in abatement, and must have been pleaded, or it would have been waived.

*Held,* also, that pleas in abatement must be filed in their order, and can not be pleaded either with, or after, pleas in bar.

Where the interest in the cause of action is transferred, pending the suit, no additional pleading is required, except, perhaps, to show the transfer.

*Tuesday, December 3.*

APPEAL from the *Wabash* Common Pleas.

WORDEN, J.—Action by *Miller*, against *Keller*, to recover possession of a certain mare. Trial; verdict and judgment for the plaintiff.

The suit was originally commenced by *Robert A. Howard*, as plaintiff, but after the commencement of the suit he sold the mare to *Miller*, who, on petition filed, setting out the facts, was substituted as plaintiff, in the place of *Howard*, with a stipulation that the defendant might testify in the cause as a witness, as well as the original plaintiff. No objection was made to the order substituting *Miller* as plaintiff in the action. This order was justified by the statute. Code, § 21.

*Miller* then filed an amended complaint, setting out the original cause of action in favor of *Howard*, and averring

that *Howard*, on *March* 31, 1860, which was after the commencement of the suit, being then in possession of the mare, sold and delivered her to him, said *Miller*.

The defendant answered the original and amended complaint:

*First:* Admitting the sale and delivery of the mare by *Howard* to *Miller*, but alleging a sale and delivery of the mare by *Howard* to the defendant, before the commencement of the suit, by virtue of which sale the defendant claims title in himself.

*Second:* That on *February* 18, 1860, and before the commencement of this suit, and afterward, until the same was taken by an order of delivery of this Court, in this action, the mare in controversy was not in the county of *Wabash*, and State of *Indiana*, but in the county of *Huntington*, in said State; wherefore, the defendant prays that the mare be returned to him, and that the order of delivery in the cause be quashed, except so far as it may operate as a summons.

The plaintiff replied to the first paragraph of the answer, and demurred to the second; the demurrer was sustained, and the defendant excepted. This ruling presents the only question arising upon the record.

By the second paragraph of the answer, the defendant seeks to raise the question of jurisdiction in the Court below, to issue an order for the replevin of property, where, at the time of issuing the writ, it is detained in another county. We shall not examine this question, as it does not legitimately arise. This was a question of fact, pleaded in abatement of the writ. It must have been pleaded, otherwise it would have been waived. *Ludwick* v. *Beckamire*, 15 Ind. 198. Pleas in abatement must be filed in their order, and can not be pleaded either with, or after, pleas in bar. Pleading in bar is a waiver of matter of abatement. *Carpenter & Love* v. *The Mercantile Bank, pos'*, p. 253; *Jones* v. *The Cincinnati Type Foundry Co.*, 14 Ind. 89. Here, the defendant had answered to the merits, and could not, therefore, raise any question in abatement.

But it is insisted that the complaint is bad. The ground taken is, that *Miller*, after being substituted as plaintiff,

Nov. Term, 1861.

should have filed a supplemental complaint, setting out the proceedings on the original complaint, and showing how *Howard* came into possession of the mare, after the alleged wrongful taking and detention. Section 102 of the Code is relied upon. We do not think that section has any application to the case. "In case of death, marriage or other disability of a party, the Court on motion, or supplemental complaint, at any time within one year, or on supplemental complaint afterward, may allow the action to be continued," &c. "In case of any other transfer of interest, the action shall be continued in the name of the original party; or, the Court may allow the person to whom the transfer is made, to be substituted in the action." Code, § 21. This case comes within the latter branch of the above provision, and in such cases, no additional pleading is required, except, perhaps, to show the transfer, which was done here.

A question is argued by counsel, as to the ruling of the Court in refusing to give the defendant the opening and closing of the evidence and the argument. The question does not legitimately arise, as there is no bill of exceptions showing the ruling complained of.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. D. Conner* and *C. S. Parrish*, for the appellee.