Daniel R. Firman v. Isaac C. Bateman and David E. Buell.

SCHAEFFER, C. J., and BOREMAN, J., concur.

DANIEL R. FIRMAN, RESPONDENT, v. ISAAC C. BATEMAN AND DAVID E. BUELL, APPELLANTS.

1. ASSIGNMENT OF ERROR—WAIVER OF.—All assignments of error not referred to in appellants' brief will be considered waived.

2. VALUE OF SERVICES—EVIDENCE OF.—On the trial of an action brought by plaintiff to recover for his services in negotiating the sale of a mining claim for defendant, evidence as to whether plaintiff's compensation in his regular employment was suspended while he was negotiating such sale is inadmissible and wholly immaterial to the issue.

3. SUBSTIUTION OF PARTIES PLAINTIFF—HOW MADE.—In case of the transfer of the interest of plaintiff in an action, during the pendency of the suit, the same may be continued in the name of the original party, or the court may, by an order made on motion of plaintiff, allow the person to whom the transfer is made to be substituted in the action. No supplemental pleadings are necessary in such case.

4. SUBSTITUTION OF PARTIES PLAINTIFF—DEFENDANT ESTOPPED WHEN.—When the assignee of the original plaintiff is substituted in the action by order of the court, and the defendant thereafter appears and pleads therein without objecting to the order of substitution, he is estopped from urging any objection to the regularity of such order.

5. CONCLUSIONS AND OPINIONS OF A WITNESS.—Opinions and conclusions of a witness should not be admitted in testimony, and on motion should be stricken out by the court.

6. DIFFERENT COUNTS IN SAME COMPLAINT.—When there are two counts in a complaint, plaintiff may recover upon one, notwithstanding the evidence would not entitle him to recover upon the other.

7. INSTRUCTIONS SHOULD APPLY TO CASE.—Every instruction given by the court to a jury should by its terms apply to the case at bar and be based upon the facts therein, and not upon any hypothetical statement.

8. INSUFFICIENCY OF THE EVIDENCE.—When the evidence in a case is conflicting, the appellate court is not warranted in reversing the judgment

of the lower court on the ground of "the insufficiency of the evidence to support the judgment."

9. SUFFICIENCY OF VERIFICATION OF ANSWER—PRACTICE.—When the answer to a verified complaint was so defective that upon motion plaintiff might have obtained judgment in the lower court, yet without any objection thereto plaintiff introduced proof at the trial, and obtained a verdict for a smaller sum than that sued for: *Held,* Upon the appeal of defendant, that plaintiff could not test the sufficiency of the answer for the first time in the appellate court, on motion for a judgment, notwithstanding the verdict. His remedy was by motion for judgment in the lower court. (35 Cal. 630.)

Appeal from the Third Judicial District Court.

The facts appear in the opinion of the court.

*Sutherland & Kimball,* for appellants.

The court erred in admitting evidence of assignment in bankruptcy from Anderson to Firman.

After the order was made, October 23d, there was no change in the pleadings. The complaint at the time of the trial was the same amended complaint which Anderson had filed—the order was *ex parte,* and had no effect to enlarge the issue to be tried. The complaint not having been amended by inserting an allegation of the assignment, it was not in issue, and all proof of it was irrelevant. 2 Barb. Ch. Pr. 63–64; 2 Dan. Ch. Pr. 1594, and cases cited; Code, § 16; *Russell* v. *Clapp,* 7 Barb. 482; *Parker* v. *Totten,* 10 How. Pr. 233; *Thomas* v. *Desmond,* 13 How. Pr. 321; *Bentley* v. *Jones,* 4 How. Pr. 202; 1 Tiff. & Smith Pr. 348; *Vogel* v. *Badcock,* 1 Abb. Pr. 177; *Horner* v. *Wood,* 15 Barb. 372; *Archer* v. *Zeh,* 5 Hill. 200; *Martin* v. *Kanonse,* 2 Abb. Pr. 331; *Prindle* v. *Caruthers,* 15 N. Y. 427; *Van Maran* v. *Johnson,* 15 Cal. 308.

The evidence shows that the agreement alleged in the first count was not found. It was a verdict on a *quantum meruit,* and none is alleged or proved.

The second count is like a count at common law in *indebitatus assumpsit,* without the formal promise. It is for a sum certain, not for services, for which the plaintiff alleges he

deserves to recover a sum stated. It alleges an indebtedness for $5,000 for certain specified services.

That form is only admissible where a sum certain is owing. The plaintiff, except in the technical action of debt, might not be confined to the sum stated, but he must be able to prove a liquidated indebtedness, not an amount to be ascertained by evidence of values, for where such proof must be resorted to the value must be alleged. *Allen* v. *Patterson*, 7 N. Y. 476; *Emory* v. *Fell*, 2 T. R. 28; 1 Chitty's Pl. 345, 215; *Eno* v. *Woodworth*, 4 N. Y. 242; *Hicks* v. *Murray*, 43 Cal. 515.

*Marshal & Royle*, for respondent.

" The court erred in refusing to compel the plaintiff to elect on which count of the complaint he would proceed to trial."

We find that appellants seem to have abandoned this assignment, at least in their brief they have made no point thereon. We will refer, however, as decisive on this point, to the following authorities in New York: *Jones* v. *Palmer*, 1 Abb. Pr. 442; *Van Renssellear* v. *Layman*, 10 How. Pr. 505.

In California, where the statute is precisely similar to ours, we refer to the following: *De Witt* v. *Porter*, 13 Cal. 171; *Buckingham* v. *Waters*, 14 Cal. 147; 1 Este, p. 207, § 29; *Leffingwell* v. *Enffing*, 31 Cal. 232.

The New York code has, in addition to our § 39, the words " without unnecessary repetitions," rendering a stricter rule than our own.

Under our code practice, as per § 16 of the Practice Act, we contend that in case of death or change of interest of the plaintiff after the institution of the suit, that a mere suggestion of the death is sufficient on which to base the motion for the substitution of the legal representatives. Such has been the construction universally placed upon § 16, both in California and here. See *Gregory* v. *Haynes*, 21 Cal. 443.

In this case, Anderson, the plaintiff, had been adjudged a bankrupt in this very court, or in other words had civilly died. *Virgin* v. *Brubaker*, 4 Nev. 32; *Underhill Ex.* v.

*Crawford*, 18 How. Pr. 113; *O'Neil* v. *Dougherty*, 10 Bank. Reg. 294.

We find, upon examination of the New York Code, this important difference from our own, that for a year after the death the substitution may be made upon motion only, but thereafter upon filing supplemental pleadings. Section 121 of the New York code will show this distinction.

" The judgment will not be reversed where there appears to have been a substantial conflict of evidence." And, again: " Where the evidence is conflicting, neither the verdict of the jury nor the finding of the court will be disturbed." 3 Estee's Pl., pp. 740, 741, § 266, and the authorities there cited; also, S. Ct. of Utah, in the case of *Samuel S. Walker et al.* v. *Charles Popper et al.*

Will *indebitatus assumpsit* lie in such a case as the one at bar? We take it to be incontrovertably settled that *indebitatus assumpsit* will lie to recover the stipulated price due on a special contract not under seal, where the contract has been completely executed, so that only a duty to pay the money remains, and that it is not necessary to declare upon the special contract. *Lane* v. *Adams*, 19 Ill. 167; *Eggleston* v. *Buck*, 24 Ill. 262, and cases there cited; *Bank of Columbia* v. *Patterson's Administrator*, 7 Cranch. 903.

That the *indebitatus assumpsit* count is admissible under the code practice, see 1 Estee's Pl. and Forms, 405, and cases there cited; Pomeroy's Rem. & Rem. Rights, pp. 583, 584, 585; *Cudlip* v. *Whipple*, 1 Abb. Pr. 106; 1 Nash Pl. & Pr. 122, 123, 124.

As to the insufficiency of the verification we cite: Statute, § 55; 1 Estee's Pl. 195–198; *Tibballs et al.* v. *Selbrige et al.*, 12 How. Pr. Rep. 64; *The Bank, etc.,* v. *Buel*, 14 How. Pr. Rep. 311; *Drum* v. *Whiting*, 9 Cal. 422.

As to the authority of the Supreme Court to cause to be enter such judgment as should have been rendered in the court below, see Rev. Stat. of Utah, § (1562,) 337; *Gahan* v.

*Neville*, 2 Cal. 81; *Union Water Co.* v. *Murphy's F. F. Co.*, 22 Cal. 632.

BOREMAN, J., delivered the opinion of the court:

The appellants employed Richard Y. Anderson to negotiate for the purchase of two different mines. In one the purchase was not consummated, but in the other it was. Anderson brought suit for $5,000 as payment for his services. He then went into bankruptcy, and his assignee, D. R. Firman was substituted as plaintiff. Judgment in the court below, in accordance with the verdict of a jury, was for $1,500. The defendants have appealed to this court, and now in this court the respondent (plaintiff) asks judgment for the $5,000 claimed, notwithstanding the verdict.

There are a number of assignments of error, but only a portion of them being referred to in appellants' brief, it is presumed that the others are waived.

The action of the court in admitting secondary evidence of a certain telegram from Alta is alleged to be error. Whether the objection to this evidence be valid or not is unnecessary for us to say, as by stipulation said dispatch was to be admitted as a true and correct copy. See pp. 13, 53, of printed transcript.

Anderson, being a witness on the trial, was asked whether his compensation in his regular employment was suspended whilst he was negotiating for the purchase of the Ohio River lode, and the question was ruled out. This is alleged as error. Whether Anderson's compensation in his regular employment was suspended or not during the negotiation, could not be taken into consideration in estimating what his services were worth for doing something else. The suspension of such compensation or the non-suspension would not show nor tend to show what it was worth to negotiate a purchase of land. It was a matter wholly immaterial to that issue.

It is alleged as error that evidence was admitted to show why the purchase of the Ohio River lode was not completed.

Daniel R. Firman v. Isaac C. Bateman and David E. Buell.

If the purchase was not completed, the presumption would be that the negotiation of Anderson failed. It was necessary to rebut this presumption, and show that the failure was not that of Anderson. The evidence was certainly proper and competent.

The evidence of the assignment in bankruptcy from Anderson to Firman was objected to, and its admission alleged to be error. I am inclined to believe that such evidence was unnecessary. The objection to the substitution of Firman, assignee, etc., for Anderson, should have been made at the time of the motion for substitution, or perhaps it might have been raised by motion to vacate the order. But it is said that it was an *ex parte* motion. If so, then it was a motion in which the defendants were not interested, but in which the court alone was to be satisfied, and it is presumed that the order was made upon good cause shown. There is no provision made by our statute for supplementary pleadings in such cases, (§ 16, Civil Pr. Act,) but a simple motion is all that is necessary. The substitution did not affect the interests of the defendants. The original plaintiff, Anderson, was estopped by his action in this case from proceeding in any other case against the defendants on the cause of action set up herein; he had made the motion for the substitution. In what respect, therefore, was it at all material to defendants whether the assignee was plaintiff or whether Anderson was such? The defendants (appellants) could not be damaged by the order, and cannot now be heard against it, especially after appearing to the action after the substitution, without in any manner objecting thereto. *Moss* v. *Shearer*, 30 Cal. 467; *Virgin* v. *Brubaker*, 4 Nev. 32.

On motion of plaintiff, the court below struck out portions of witness Buell's answers to the sixth and tenth interrogatories. The portion of the answer to the sixth interrogatory objected to, read as follows, to-wit: " It was considered at the time as a final settlement between ourselves and the said Richard Y. Anderson. Witness does not say that Anderson

18

considered or agreed that it was a final settlement. It was a mere conclusion of Buell's own mind, without anything to show that Anderson gave his assent thereto. It was, therefore, not a material matter, but the language might have misled the jury, and its being stricken out was not improper.

The portion of the answer of witness to the tenth interrogatory, objected to, comes nearer to being material. The words were as follows, speaking of Anderson: "Nor was any sum due to him, as the said mine was not purchased." Yet he does not say, nor does it appear, that Anderson was only to be paid when a sale was made; and it was a question for the jury and not the witness, as to whether anything was due Anderson for what he had done. It was, therefore a conclusion of the witness, which, under the circumstances, should not go to the jury.

The refusal of the court to give the third instruction asked by defendants, is alleged as error. This instruction was not a correct statement of the law. It did not follow that because the contract or promise "to make it right with him," was the only contract after the abandonment of the purchase, was different from that of the first count, that, therefore, the plaintiff was not entitled to recover. There are two counts in the complaint, and the plaintiff might be entitled to recover on the second, notwithstanding the evidence did not correspond with the first count. The refusal of tle instruction was not error.

The sixth instruction asked by defendants (the appellants) was also refused, and such refusal alleged as error; but we can see no error therein. There can be no reason why the jury should be instructed not to find for plaintiff on a second count because there was no evidence to support the first count.

The instruction given by the court on its own motion is objected to as erroneous. That portion of such instruction as is objected to, would not, if it stood alone, be proper, as presenting a hypothetical case. Every instruction should in its language, be made applicable to the case at bar, and be based

upon the facts therein, and not upon any hypothetical state-
ment. But the objectionable matter was not a part of the in-
struction, and was made applicable to the case at bar by the
residue of the instruction, which was not objected to. We
take it, therefore, as merely preliminary to the main body of
the instruction, and not so objectionable in that connection as
to warrant a reversal of the judgment.

The last ground of objection urged by the appellants is
that " the evidence is insufficient to justify the verdict and
judgment," in this: (1) That it does not show a contract by
defendants with Anderson, by which he was to negotiate the
purchase of the Wellington lode for defendants and receive
for his services the sum of $5,000, or ten per cent. of the
purchase money; (2) it does not show any request by defendants
to Anderson to render them service in negotiating such pur-
chase, or any promise to pay him for such service; (3) it does
show that said Anderson was employed by the sellers of said
Wellington lode to negotiate a sale of the same to defendants,
and for such services he was paid by said sellers. The evi-
dence on these points were conflicting, and the conflict was
such that this court would not be warranted in reversing the
judgment on the ground of insufficiency of evidence to sup-
port the judgment. *Walker Bros.* v. *Chas. Popper*, decided
at last term of this court.

But it was not necessary in order to sustain the judgment,
that the evidence should (as specified in the first of these three
points) show a contract between defendants and Anderson by
which Anderson was to negotiate the purchase of the Welling-
ton lode for the defendants, and receive for his services
$5,000, or ten per cent. on the purchase price. It would have
been sufficient under the pleadings if it were shown that he
performed the services at the request of the defendants, and
that said services were worth the amount shown by the verdict
and judgment.

As to the second point, it would be necessary for us to
reject or ignore Anderson's testimony if we should say there

Daniel R. Firman v. Isaac C. Bateman and David E. Buell.

was no request to render the services nor any promise to pay therefor. The court could not, as specified in the third point, say that Anderson was employed by the sellers to sell the Wellington lode, and that he received his pay therefor; there is much evidence to the contrary.

The last question raised in this case is upon the application of plaintiffs for judgment in this court, against the defendants for the $5,000 claimed by him, notwithstanding the verdict and judgment. We think he is too late. He went into the trial upon the issues as made by the answer, nor was judgment for the full amount asked in the court below notwithstanding the verdict. The whole matter of the verification might have been remedied in the court below, if exception had been taken to it there, by motion for a judgment or for a corrected verification. The section (§ 337) of the Civil Practice Act referred to, does not apply to such a case. It was a general authority to modify and correct the judgment but was not intended to give power to the courts to create new issues from those upon which the trial below was had, and then to settle those issues and give judgment upon them. If this court could go to the extent requested, it would, in effect, reverse the judgment without sending it back to the court below, but have a trial of the cause anew in this court, and that, too, upon issues not raised in the court below.

The application for such judgment of $5,000 in this court, is therefore denied, and the judgment of the court below is affirmed with costs.

SCHAEFFER, C. J., and EMERSON, J., concur.