THOMAS RHEAD, ADMINISTRATOR OF THE ESTATE OF HORACE KARR v. ISAAC HOUNSON AND ALONZO HOUNSON.

*Bill to set aside deed for fraud—averments of insolvency—Negligence of officer making levy—Deed of homestead—Redemption—Interest—Costs of cross-appeal.*

A bill in aid of execution to set aside a deed as fraudulent as against the complainant, should show how it is so, and is too general if it

merely alleges the fraud. But if the defendant does not object on the hearing, the defect is not open on an appeal.

An allegation of defendant's insolvency is not indispensable to a bill filed to set aside a deed as an obstacle to an execution. The fact of insolvency is important only as it bears on the question whether or not the deed is fraudulent as against the creditor who has made levy.

Allegations that defendant has not sufficient personal property in the county to pay the judgment and that the officer made an effort to find such goods, are not necessary to a bill in aid of execution.

Neglect to make due search for goods and chattels on which to levy, is a defect to be corrected in the court whence the writ issued, and is not open in a court of chancery under a bill in aid of an execution upon land.

A deed of a homestead cannot be avoided as in fraud of the rights of a judgment creditor. The holder is as free to dispose of it as though he were not a debtor.

A bill in aid of execution was filed against land which had been sold in contemplation of the issue of the execution. The land included a homestead, and the purchaser redeemed it from a mortgage against the judgment debtor. *Held* that the redemption raised an equity in the purchaser's favor; but as it benefited the homestead as well as the rest, the amount of land subject to sale on execution was what was left after setting apart the homestead parcel and so much besides as was found on appraisal of the whole to be worth that proportion of the redemption money which was paid to release the homestead. Interest on the mortgage was not allowed where it did not clearly appear that the purchaser had paid it and it was shown that he had his the use of the land long enough to counterbalance his claim therefor.

Costs of the Supreme Court were not allowed either party as against the other, where both appealed and where the decree was only modified as to the losing party.

Appeal from Lenawee. Submitted June 9. Decided June 15.

BILL in aid of execution. Both parties appeal. Decree modified.

*Melville McGee* for complainant. A voluntary conveyance from father to son without consideration, and having the effect of hindering creditors, is a fraud in fact: Comp. Laws, § 4713 ; *Buck v. Sherman,* 2 Doug. (Mich.) 176 ;

*Fellows v. Smith*, 40 Mich. 689; *Allen v. Kinyon*, 41 Mich. 282; *Smith v. Rumsey*, 33 Mich. 183; a defendant in a bill to set aside a deed is not entitled to the property as a homestead when he has not claimed it in his answer: *Stevenson v. Jackson*, 40 Mich. 702; *Herschfeldt v. George*, 6 Mich. 456.

*C. A. & J. A. Stacy* for defendants.

GRAVES, J. In 1874 one Burgess held a note for $500 signed by defendant Isaac Hounson and decedent Karr, and Hounson agreed with Karr to assume the payment of it. Hounson paid the interest for some three years, but did not pay the principal. Karr died and the demand was allowed against his estate.

In 1877 said defendant Isaac Hounson received conveyance of a farm of about one hundred and twenty-two acres in the township of Hudson in Lenawee county, and proceeded to occupy it as his homestead and carry it on, and some time thereafter and about the 20th of December of the same year he gave a deed of it, in which his wife joined, to their son, the defendant Alonzo Hounson.

In March, 1878, the complainant commenced a suit by attachment against the defendant Isaac on his undertaking of 1874 to pay the Burgess note, and the writ was levied on said farm, which was still occupied by said Isaac in the same manner as before his deed to his son. At the November term of the court for 1878 the administrator obtained judgment for damages, $580.47, besides costs, and in the succeeding February execution was taken out and levied on the farm.

This bill was filed not long after in aid of the execution. The farm as held by the judgment debtor was subject to a mortgage of $2000 and the defendant Alonzo after receiving the deed from him paid and discharged it.

After hearing the case on pleadings and proofs the circuit judge declared the premises liable to the execution after exempting the homestead. But the decree provided that the defendant Alonzo having discharged the mortgage

of $2000, which stood on the whole premises and was a prior lien to the levy, he ought in equity in case of a sale of the premises or any part under the execution, to receive from the purchase price the same proportion of the $2000 which the purchase price of the part so sold would bear to the value of the portion set off as homestead. Both parties appealed.

The bill must be construed in reference to its nature. It is not filed to reach property incapable of seizure on execution, and therefore based on the theory that the legal remedy has been exhausted. Very far from it. The principle on which it proceeds is that a legal remedy is in fact progressing, and which being fraudulently obstructed, the aid of the Court is needed to remove that obstruction. The claim made is that the deed from the judgment debtor to his son is fraudulent as against the creditor, and that the farm is therefore subject to levy and the deed exposed to be removed out of the way of it by the assistant jurisdiction of equity.

Instead of setting forth the proper facts to induce the inference that the deed was fraudulent as against the complainant, the bill in general terms merely alleged the fraud itself. Hence it did not appear on the face of the bill in what way the deed was fraudulent as against complainant. But the defendants made no objection to this general mode of pleading and the defect is not open to exception on this appeal.

It is objected that defendant's insolvency is not alleged and not proved. The nature of the bill is not such as to make an allegation of that kind indispensable. As previously observed the office of the suit is to remove the debtor's deed out of the way of the execution and on the ground of its being fraudulent as against the creditor, and the equity for such interference may exist although the debtor is not insolvent. The circumstance of his being solvent or insolvent is important only as it bears upon the question whether in fact the deed is or is not fraudulent as against the creditor who has levied. Upon the matter of

fact there is no doubt. The evidence is full to show that Isaac Hounson retained nothing liable to execution.

It is also objected that no allegation is made that the defendant had not sufficient personal property liable to execution in Lenawee county to pay the judgment; and no allegation that the officer made any effort to find it. Neither allegation was a necessary ingredient of the bill. If the officer neglected to make due search for goods and chattels on which to levy before levying on the land the question is not an open one here. The fault if any would have to be corrected in the court where the writ issued. The court of chancery is not the place. The presumption is that the sheriff obeyed the writ; and as stated previously, according to the evidence there was no personal property of the debtor exposed to levy.

The intent with which the deed was given is hardly open to controversy. The evidence of various kinds that the purpose was to screen the property from the demand of complainant and that both defendants participated in the design is too strong to be resisted. It appears conclusively from the bill and evidence that when the execution debtor gave the deed in question he held and occupied a homestead on the premises. That part of the farm was therefore exempt. The holder was as free to dispose of it without interference as though he had been not indebted at all. It passed by the deed to his son Alonzo and it is impossible for complainant to avoid the conveyance as in fraud of his rights. *Smith v. Rumsey* 33 Mich. 183. As against that parcel he had none. Therefore the equity of the bill fails in respect to that portion.

It is admitted that young Hounson paid the mortgage of $2000, and that this mortgage was a valid lien on the whole farm at the time his father gave him the deed, and of course anterior to the levy. The expenditure by young Hounson in making this payment relieved the property from the burden and practically increased the interest in the farm to an amount equal to the expenditure, and it seems right to regard this as raising an equity in his favor. The same doctrine

which requires him to do equity entitles him to receive it. It is therefore just to provide as far as may be for protecting him against a forfeiture of the redemption money which it is admitted he paid. But he goes further and contends that in addition to the $2000, the principal of the mortgage, there should be included the sum of $380 on account of interest paid. The evidence on this topic is not satisfactory. The only proof consists of his oral statements, and the explanation is neither full nor certain. The fact must have been capable of clear and ample illustration, and the case called for it.

But there seems to be a want of equity in this claim. He strenuously insists that he has had the use of the entire premises during the whole period since the deed was given, and if truthful in this and the fact is as represented, it would seem that for the interest which grew on the principal of only $2000 he must have obtained an ample equivalent in this enjoyment of the property, and on the other hand it would be unreasonable to give him the benefit of an equity founded on the supposition of his having deliberately misrepresented in explaining his case to the court.

As the mortgage covered the exempt homestead as well as the residue it was entirely fair to require it to bear its due proportion of it. The benefit arising from the payment of the mortgage according to the proportion was equal between the homestead and the rest of the farm, and the principle that equality is equity applies. It would not be just to throw the whole burden on the part liable to execution and being that portion to which complainant is confined.

It is objected by defendants that the decree instead of making the *price* obtained by the sale on execution of the premises which may be sold, the criterion by which to get at the proportion to be allowed to the defendant Alonzo on account of the mortgage, it ought to make the *real value* of the part so sold, such criterion, and the reason given is that the price obtained on the sale under the execution may be far below the true value, and hence that the homestead may be compelled to bear an undue proportion. On considering

this objection my brethren have concluded that the relief should be changed as here indicated. That the commissioners first set apart a parcel of the value of $1500 which shall include the dwelling and accompanying outbuildings. That they appraise the whole premises including the homestead and charge upon the homestead so much of the mortgage as is the proportion which $1500 bears to the value of the entire property. That they then set off a parcel of land of the value of so much of the mortgage money as is not charged on the homestead. The remaining lands are to be subject to sale on the execution free from all encumbrance.

The decree will be so far modified as to conform to this view and in other respects be affirmed. Neither party will recover costs of this court as against the other.

The other Justices concurred.