STERLING P. ROUNDS and another *vs.* JAMES J. GREEN and others.

## May 23, 1882.

**Fraudulent Conveyance—Right of Action to Avoid—Statute of Limitations.**—In case of a conveyance of real property, fraudulent as respects a judgment creditor, the creditor's right of action to reach the property and subject it to the payment of his judgment does not accrue until the judgment has been docketed in the county in which the real property lies.

**Same—Requisites of Complaint.**—The fact that the debtor did not, at the time when the fraudulent conveyance was made, have property, other than that fraudulently conveyed, out of which the judgment creditor might have made his judgment, need not be specifically alleged in the complaint in such action.

Appeal by defendants from an order of the district court for Le Sueur county, *Macdonald,* J., presiding, overruling their demurrer to the complaint.

*Cadwell & Everett,* for appellants.

*James F. Walsh,* for respondent.

BERRY, J. On March 27, 1873, in the district court for Winona county, plaintiffs recovered and docketed a judgment for $1,029.61 against a firm of which defendant James J. Green was a member. On October 18, 1875, the judgment was duly docketed in Le Sueur county. Executions have been issued to both counties, and returned

unsatisfied, except for the sum of $70.48. The complaint alleges that on March 13, 1875, certain lands were conveyed to Green's wife upon a consideration paid by Green out of his own property, and that the conveyance was made to her "for the purpose and with the intention of cheating and defrauding" Green's creditors, and that "the same was and is a fraud upon these plaintiffs." The complaint further alleges that on October 28, 1877, at Green's instance, the lands were conveyed by Mrs. Green to defendant Smith, the conveyance being without consideration, and made for the purpose of cheating and defrauding the plaintiffs, as Green's creditors; of all which, as well as of the facts of the former conveyance to Mrs. Green, Smith had full knowledge, as also of the existence of plaintiffs' judgment. No part of the judgment having been paid except as before mentioned, and neither of the judgment debtors having any property out of which it can be made, the plaintiffs in this action ask to have the fraudulently-conveyed premises sold, and the proceeds applied to satisfy the judgment. The summons in this action was served upon Green, his wife, and Smith, on April 16, 1881. These three defendants demur, upon the ground that the complaint fails to state a subsisting cause of action.

In support of their demurrer they claim, *first*, that, as appears by the complaint, the action—which is for relief upon the ground of fraud—was commenced more than six years after the execution of the fraudulent conveyance to Mrs. Green. The answer to this is that the plaintiffs' right of action for relief on account of the fraudulent conveyance did not accrue until their judgment was docketed in Le Sueur county, where the fraudulently-conveyed lands are situated. Until that time the judgment was not a lien upon the premises fraudulently conveyed, even as against Green. The plaintiffs could not levy an execution upon them—they had no claim upon them; and therefore they were not in position to ask, as they have done in this action, that the conveyance to Mrs. Green be decreed to be in trust for them, the conveyance to Smith fraudulent and void as to them, that the judgment be declared a lien upon the premises, and that the same be sold, and the proceeds applied to satisfy their judgment. *McElwain* v. *Willis*, 9 Wend. 549; *Crippen* v. *Hudson*, 13 N. Y. 161.

In other words, their right of action for relief on account of the fraudulent conveyances did not accrue until October 18, 1875, (the date of the docketing in Le Sueur county,) which is within six years before the commencement of this action.

The defendants contend, *secondly*, that the complaint is insufficient because it fails to allege that Green did not, at the time of the alleged fraud, have property out of which the plaintiffs might have made their judgment. The answer to this is that the fact that Green did not so have property is not a matter necessary to be pleaded. It is a matter of evidence upon the issue properly and sufficiently tendered by the general allegations of the complaint, to the effect that the conveyances mentioned were fraudulent as respected the plaintiffs, Green's creditors. That Green, since the fraudulent conveyances, may have acquired property out of which the judgment could have been made, is not, as defendants appear to contend, of any importance, either as a matter of pleading or proof; for it in no way tends to relieve the fraudulent conveyances of their original taint. And the fact alleged in the complaint, that neither of the judgment debtors has, at the time of the commencement of this action, any property out of which the judgment can be made, sufficiently shows that plaintiffs were at that time without any adequate remedy at law, and therefore justified in resorting to equity as they have done.

The demurrer was properly overruled, and the overruling order is accordingly affirmed.