No. 11,744.

## MATHIS *v.* THOMAS.

CONTRACT. — *Tender.*— *Excuse for not Producing Money.*— A buyer, who contracts to make a tender at a specified time, performs his part of the contract if he goes to the house of the seller, who has no other place of business, on the day named, prepared to make a tender, and not finding him makes ineffectual search for him, but does not find him for several days afterwards, and then offers the money and is notified that it will not be accepted; and such refusal operates as an excuse for not actually producing the money.

TENDER.—*Effect of Refusal.*—A purchaser who has once made a valid tender of money, and is notified that the seller repudiates the contract, is not bound to make a second or subsequent tender.

Mathis v. Thomas.

SAME.—*Sufficient if Money Present although in Possession of Third Person.*—
    A tender is good if the money is present and the purchaser can secure
    it at once and immediately deliver it to the seller, although it may at
    the time be in the possession of a third person.

PLEADING.—*Real Party in Interest.*—In order to present the question that
    the plaintiff is not the real party in interest, it must be specially pleaded.

PRACTICE.—*Assignment of Cause of Action after Suit.*—Where the cause of
    action is assigned after the action is instituted, the action may be pros-
    ecuted in the name of the assignor. .

From the Warren Circuit Court.

*C. V. McAdams*, for appellant.

*W. L. Rabourn, J. McCabe* and *E. F. McCabe*, for appellee.

ELLIOTT, J.—On the 25th day of July, 1881, the appel-
lant executed to the appellee the following written agree-
ment: " This is to certify that I have this day sold to W. B.
Thomas all the corn on two hundred acres on my farm, now
growing, at thirty cents per bushel, in crib, corn to be weighed
on my premises, and said Thomas to have the use of my
scales for weighing; and I further agree to have corn all
husked and in crib by January 1st, 1882; Thomas to pay five
hundred dollars November 1st, 1881, and balance of money
by January 1st, 1882, or as soon as shelled and weighed."
There was testimony that the appellee went to the appellant's
house on the 29th day of October, 1881, and, not finding the
latter at home, proffered the money to his wife and informed
her on what account he tendered the money to her for her
husband. On the following Monday, October 31st, a visit
was again made to appellant's house, and he was still from
home. On the 1st day of November, the money was taken
to Williamsport where the appellant was engaged in build-
ing, but he was in an adjoining county. On the 3d day of
that month the appellee, for the third time, went to the ap-
pellant's house for the purpose of paying him the $500, but
did not find him at home; he was, however, found at a place
near by. We give the conversation between the parties in
the language of one of the witnesses: " Thomas told him,
Mathis, that he was ready to pay him the $500, first due on

the contract for corn; Mathis said he was too late, that it was to be paid on November 1st; Mr. Thomas told him about being at his house in time and not finding him; Mathis told Thomas he would not let him have the corn."

The court instructed the jury, in substance, that if the plaintiff went to the house of the defendant prepared to make a tender of the $500, payable by the 1st of November, and was prevented from making a tender by the defendant's absence, it was the former's duty to make it as soon thereafter as he could reasonably do so. This was as favorable a statement of the law upon this point as the defendant had a right to ask.

The court did not err in instructing the jury that if the plaintiff was prepared to make the tender and was informed by the defendant that he would not receive the money, this would excuse its actual production. It is a familiar principle that where there is a refusal to receive the money, an actual tender is waived.

The first instruction asked by the appellant was correctly refused because not relevant to the case made by the evidence. It does not appear that the appellee made a conditional offer, although it does appear from the testimony of the appellant himself, that he said to the appellee that he would not deliver the corn because the tender was not made on the 1st day of November.

The rule which the second instruction asked attempted to state was well stated to the jury in the instructions given by the court, and there was consequently no available error in refusing it.

There was no error in refusing the third instruction asked by the appellant. If he once fully refused to perform his part of the contract, the appellee had a right to treat it as broken. Where one party notifies the other that he will not perform his part of the contract, there is no necessity for the other party to a second time offer performance. *Vinton* v. *Baldwin*, 95 Ind. 433, *vide* auth. p. 437. It is true that there

are cases in which a subsequent offer by the party first refusing may require a renewal of the tender, but here there was no subsequent offer to perform.    There was from first to last a repudiation of the contract by the appellant.

If the appellee had the money present, and could have put it into the hands of the appellant, it was all that the latter had a right to require.    He can not object that the money was at the time in the actual custody of another person then present.    If it was in the control of the appellee, so as to give him full power to transfer it at once to the appellant, he was in a situation to make a valid tender, and this was all that was required under the circumstances.    It could make no difference to the appellant from whose custody the money came; the material things were the ability, readiness and willingness of the appellee to place the money in the hands of the appellant and vest him with full right and title to it. In this case the person who had the money was present with it and joined the appellee in his efforts to make an effectual tender, and the money was fully within the appellee's control and could at once have been completely transferred to the appellant.    We see no just reason for permitting the appellant, on the ground of the insufficiency of the tender, to escape from his contract.    *Harding* v. *Davis,* 2 C. &. P. 77.

It is quite well settled that in order to present the question whether the plaintiff is the real party in interest, the defence that he is not must be specially pleaded.    *Trentman* v. *Eldridge,* 98 Ind. 526; *Lamson* v. *Falls,* 6 Ind. 309; *Swift* v. *Ellsworth,* 10 Ind. 205.

Where the cause of action is assigned after the commencement of the action, the suit may be prosecuted in the name of the assignor, or the assignee may be substituted as plaintiff.    *Keller* v. *Miller,* 17 Ind. 206 ; R. S. 1881, sec. 271.

We can not disturb the verdict upon the evidence.

Judgment affirmed.

Filed March 18, 1885.