J. C. MILLIMAN *et al,* Appellants v. WILLIAM EDDIE, Sheriff, *et al.*

**Fraudulent Foreclosure:** TITLE UNDER EXECUTION SALE NOT SUBJECT TO FORECLOSURE: *Evidence.* At an execution sale under a judgment on notes given plaintiffs by G., they acquired a sheriff's deed to the land. Prior to the giving of such notes, G. had given notes secured by a mortgage on such land, paid off the latter notes, and procured assignment of the mortgage to his children, without consideration, for the purpose of hindering and delaying creditors. After the giving of the notes to plain-

tiff, but before judgment thereon and the execution sale, the mortgage was foreclosed. *Held*, that the judgment of foreclosure was fraudulent and void, and that the execution sale not having been subject to it, title would be quieted in plaintiffs.

*Appeal from Harrison District Court.*—HON. JOHN F. OLIVER, Judge.

MONDAY, FEBRUARY 3, 1902.

ON the 1st day of March, 1891, and on the 1st day of October, 1892, the defendants N. W. and E. E. Goodman executed and delivered to Stuckslager & Aurocher their promissory notes, which were put into judgment on the 12th day of September, 1894. An execution issued on this judgment, and the land in controversy was sold to satisfy the same. Redemption from the sale was not made, and on the 13th day of November, 1895, a sheriff's deed was executed therefor to the judgment plaintiffs, and they afterwards quitclaimed to the plaintiffs herein, who bring this action to quiet their title to the land. In September, 1879, the defendant N. W. Goodman bought the land of one E. C. Chamberlain, and gave his notes, secured by a mortgage, for a large part of the purchase price. In 1892 he paid off the last of these notes, and procured an assignment of the mortgage, securing the same to two of his minor children. In January, 1893, a judgment was rendered on this mortgage in favor of the assignees thereof, and against N. W. and E. E. Goodman, at the instance of N. W. Goodman; and in February, 1894, the judgment so obtained was assigned at the instance of said Goodman to three other minor children, the oldest of whom was at the time 12 or 14 years of age. The district court found that the judgment of foreclosure was fraudulent as to the plaintiff's grantors, but entered a judgment permitting the defendants to redeem from the sale to them. The plaintiffs appeal.—*Reversed.*

*L. R. Bolter & Sons* for appellants.

*S. H. Cochran* and *Rodifer & Arthur* for appellees.

SHERWIN, J.—The plaintiffs hold the legal title to the land in question, based on a judicial sale, which is conceded to be regular and valid. The judgment on which the defendants rely is, in our opinion, supported by no consideration. It was, in effect, a voluntary confession of judgment, and on an indebtedness which did not in fact exist, made for the sole and only purpose of hindering and delaying the creditors of the senior Goodmans, among whom were the plaintiff's grantors; for, though their notes had not then been put into a judgment, they were nevertheless creditors at the time the fraudulent judgment was entered. Freeman, Executions, section 137a. The assignment of the judgment is confessedly without consideration, and is abundantly proven to be for the purpose of carrying out the original fraudulent scheme. The transaction, from the beginning to the end, was fraudulent in fact, and void. *Wilson v. Horr,* 15 Iowa, 489. The solvency or insolvency of the Goodmans at the time in question does not appear to be controlling, for it is almost beyond question that they were attempting to defeat the collection of obligations against them then existing; but, if this were a controlling question, the record shows that, with the mortgage in question in force, they were indebted to the full value of all the property they owned; and, further, under the facts in this case, the plaintiffs are not required to plead insolvency, for they are only seeking to protect the title which they have obtained through proper legal channels. *Rounds v. Green,* 29 Minn. 139 (12 N. W. Rep. 454; *Rhead v. Hounson,* 46 Mich. 243 (9 N. W. Rep. 267. And the burden is on the defendants to prove the validity of the judgment. *Lombard v. Grant,* 66 Iowa, 243. Any party whose rights are affected by a void judgment may show its invalidity in any action in which it is brought

in question. *Bixby v. Adams County*, 49 Iowa, 507; Bump, Fraudulent conveyance, 587. The case at bar is in many respects like the case of *Greeley v. Sample*, 22 Iowa, 338; but here the defendants rely only on the judgment, and make no claim under an indebtedness existing before the rendition thereof. There is no evidence tending to show that the land was sold to the plaintiff's grantors subject to the judgment of foreclosure. In fact, it appears not to have been so sold; and, under such circumstances, the judgment may be attacked. Bump, Fraudulent Conveyance, (4th Ed.) sections 471-473; *Ramsdell v. Power Co.*, 84 Iowa, 484. The title to the land should be, and is, quieted in the plaintiffs.—REVERSED.