GEORGE E. CRARY, TRUSTEE in BANKRUPTCY OF JOSEPH KURTZ, Bankrupt, v. JOSEPH KURTZ and TERSA KURTZ, Appellants.

**Parties:** SUBSTITUTION: PLEADINGS. Where a debtor, pending an action to set aside certain conveyances as fraudulent, is adjudged a bankrupt and a trustee is appointed, it is not essential to a proper substitution of the trustee as plaintiff that a

supplemental petition be filed, since the order of substitution determines his legal capacity to sue and in the absence of any subsequent attack upon the ruling it will be regarded as final.

**Fraudulent Conveyances:** INSOLVENCY. In an action to set aside a conveyance as fraudulent it is not necessary to allege and prove the debtor's insolvency at the time of the execution of the conveyance.

**Same:** PRESUMPTIONS: BURDEN OF PROOF. A voluntary conveyance which will defeat the collection of an indebtedness then existing, because of the insolvency of the grantor, will be presumed to have been made for that purpose; and the burden of overcoming the presumption that the grantor had means remaining sufficient to pay his debts is upon the one asserting the good faith of the conveyance.

**Fraudulent conveyances:** ACTION BY TRUSTEE IN BANKRUPTCY TO SET ASIDE. To attack a debtor's conveyance of property to a third party on the ground that it was in fraud of creditors, the creditor ordinarily must have first reduced his claim to judgment, but this rule does not obtain in the case of a trustee in bankruptcy.

**Same.** A trustee in bankruptcy cannot have a transfer of the debtor's property to a third person set aside on the ground of fraud, without showing that claims have been filed and allowed against the bankrupt's estate, although it is not necessary that they have been previously reduced to judgment.

*Appeal from Marshall District Court.*— HON. OBED CASWELL, Judge.

SATURDAY, JANUARY 13, 1906.*

ACTION to set aside a conveyance as fraudulent. Decreed as prayed. The defendant Teresa Kurtz appeals. *Reversed.*

*Anthony C. Daly* and *Boardman, Aldrich & Lawrence,* for Appellant.

*Meeker & Meeker,* for appellee.

LADD, J.— Suit was begun by Charles A. Buckwalk and F. S. Widl, creditors of Jospeh Kurtz, on August 20,

* See date supplemental opinion.

1903, to enforce contribution by the latter as co-surety with them on certain promissory notes of the Kurtz Wagon Company which they had paid. Besides judgment for Kurtz's pro rata share, plaintiffs prayed that a certain conveyance of about two hundred and eight acres of land, executed August 11, 1902, by Kurtz to his wife Teresa, be set aside and the judgment be enforced against the same. The defendants filed separate answers October 20, 1903, and on January 11, 1904, Geo. E. Crary, as trustee in bankruptcy of the estate of Joseph Kurtz, moved that he be substituted as party plaintiff in the suit instead of Buckwald and Widl. Attached to the motion was a copy of a petition to the referee in bankruptcy, praying for authority to prosecute the suit to the end that the lien and security acquired by these creditors be preserved for the benefit of the estate, and the order of the referee directing the trustee to procure himself to be substituted as plaintiff and prosecute the case. The court sustained the motion, and ordered that " Geo. E. Crary, trustee in bankruptcy is substituted party plaintiff." But no amendment to the petition nor supplemental pleading was filed, and for this reason appellant insists that plaintiff's petition should have been dismissed. Section 3459 of the Code declares that " every action must be prosecuted in the name of the real party in interest," and section 3476 that " no action shall abate by the transfer of any interest therein during its pendency, and new parties may be brought in, as may be necessary." The method of bringing in new parties is not pointed out, but, where the cause of action has been transferred, this is ordinarily by motion of the party desiring to be substituted as plaintiff. *Ferry v. Page,* 8 Iowa, 455; *Lindsey v. Lindsey,* 28 Ga. 169; *Chicago Legal News Co. v. Browne,* 103 Ill. 317; *Firman v. Bateman,* 2 Utah, 268; 20 Ency. of Pl. & Pr. 1050. And, as a general rule, the substituted party takes up the prosecution or defense at the point where the original party left it, assuming the bur-

1. PARTIES: substitution; pleadings.

dens as well as receiving the benefits. *Bixby v. Blair,* 56 Iowa, 416; *Fannon v. Robinson,* 10 Iowa, 272; 20 Ency. Pl. & Pr. 1061.

There is some difference of opinion, however, as to whether any additional pleading is essential. In *Campbell v. West,* 93 Cal. 653, (29 Pac. 219), a supplemental pleading was held to be necessary, and in *Ford v. Bushard,* 116 Cal. 273, (48 Pac. 119), the court adjudged that " the assignee is entitled to be substituted upon a showing of probable cause, but the defendant is not thereby precluded from denying such assignment; and, if he does so, the fact must be determined by the preponderance of evidence, as in the case of other issues." But in *Campbell v. Irvine,* 17 Mont. 476 (43 Pac. 626), the court, construing a statute of that state, approved a ruling that the action might be continued by the successor in interest without additional pleading. In *Virgin v. Brubaker,* 4 Nev. 31, after a careful consideration of the question, the court concluded that, as the substitution is with the original plaintiff's consent, supplemental pleadings are unneccessary, saying: " Usually an assignee must allege and prove the assignment to sustain an action in his own name. If it were not so, a pretended assignee might recover a judgment, and afterwards the original owner of the claim recover a second judgment for the same demand. But this could not be in the case where the orginal plaintiff assents to the substitution. The issues are between the original parties, and no change of pleading is required. If the judgment goes for plaintiff, it is simply entered up in the name of the assignee, instead of being entered for the original plaintiff, and then assigned after judgment, as it would have been under the old practice."

In *Smith v. Zalinski,* 94 N. Y. 519, the court in construing the statutes of that State held that unless the court in ordering substitution directs the amendment of the pleadings, the right to be substituted cannot thereafter be raised. It is not to be doubted that in every case the defendant is

entitled at some time and in some way to contest, if he shall please, the title of the transferee, but, if he is granted that opportunity, he has no right to complain, if refused it a second time.   Such a transfer of interest is usually a formal matter in which the defendant has no concern, except to be protected from a double claim.  In all other respects the issues in litigation ordinarily remain unchanged, and they only are to be tried.   The application for substitution raises the issue as to whether there has been a change in ownership such as is alleged, and, unless this is admitted, it must be established by competent evidence before the order of substitution will be entered.   *Chisholm v. Clitherall,* 12 Minn. 375 ( Gil. 251) ; *Smith v. Harrington,* 3 Wyo. 503, (27 Pac. 803) ; *Kemper v. King,* 11 Mo. App. 116 ; *Smith v. Zalinski,* 94 N. Y. 519.   This may be upon terms, and, where the right of substitution is contested, the court may well require the new party to file a supplemental pleading alleging the facts upon which the transfer of the original party's interest is predicated.   If these are put in issue by the answer, or the transfer is questioned therein or by amendments thereto, in the absence of a supplemental pleading, the substituted party's right to maintain the action must be established the same as any other issue.   *Ferry v. Page,* 8 Iowa, 455 ; *Ford v. Bushard,* 116 Cal. 273, (48 Pac. 119).

But where the transfer of interest is admitted, or at least not disputed in the hearing on the motion, and no objection thereto is thereafter raised, we perceive no reason for not regarding the ruling on the application for substitution as an adjudication of the question, and thereafter treating the substituted party as standing in the place and stead of the original party.   In *Firman v. Bateman,* 2 Utah, 268, an assignee in bankruptcy was substituted for the original plaintiff.   On the trial evidence of the assignment in bankruptcy was objected to, but the court held such proof unnecessary, as no objection had been made to the order of substi-

tution.   To the same effect see *Virgin v. Brubaker,* 4 Nev. 31.
Also see *Keller v. Miller,* 17 Ind. 206.

In the case at bar the applicant for substitution was a
trustee in bankruptcy.   His right thereto was purely one of
law.   The court in ruling on the motion necessarily deter-
mined first that Kurtz, the debtor, had been adjudged bank-
rupt, and, second, that Geo. E. Crary had been duly appointed
the trustee of his estate.   No more than the bare allegation
of his representative capacity would in any event have been
necessary, and this could not have been put in issue, save
by pleading the facts relied on.   Sections 3627, 3628, Code.
The order determined the legal capacity in which the trustee
was substituted as plaintiff, and in the absence of any sub-
sequent question as the correctness of the ruling we think
it should be regarded as final.

II.   Exception is taken to the omission of an allega-
tion in the petition that Kurtz was insolvent at the time he
executed the conveyance to his wife.   This was unnecessary.
2. FRAUDULENT       *Rounds v. Green,* 29 Minn. 139 (12 N. W.
CONVEYANCES:
insolvency.   454.   *Kain v. Larkin,* 141 N. Y. 144 (36
N. E. 9).   Nor was it necessary to prove insolvency at that
time.   *Banning v. Purinton,* 105 Iowa, 642.   Such evi-
dence, however, is often very material in ascertaining the
purpose of the conveyance.

III.   The conveyance of the land by Kurtz to his wife
was without consideration.   At that time he was liable as
surety on the notes of Kurtz Wagon Company.   The pay-
3. SAME: pre-       ment of these by his co-sureties is presumed
sumption; bur-
den of proof.   to have been upon his implied request and
promise to contribute his just portion, and therefore the
debt due them grew out of, and in a sense was, a continua-
tion of a part of his original obligation as surety.   This
being true, and it appearing from the adjudication that he
was a bankrupt, that he was insolvent at the time of the
trial, the conveyance is presumed to have been fraudulent.
In other words, a voluntary conveyance which, if allowed

to stand, will defeat the collection of an indebtedness existing at that time, because of the present insolvency of the debtor, is presumed, in the absence of evidence to the contrary, to have been executed for that purpose. *Strong v. Lawrence,* 58 Iowa; 55; *Elwell v. Walker,* 52 Iowa, 256; *Carson v. Foley,* 1 Iowa, 524. The burden of proof was upon the defendant to show that Kurtz retained ample means after the conveyance to satisfy all his debts, and that the gift was not unreasonable in view of his financial situation. No evidence of the kind was introduced, and for this reason the presumption as to the fraudulent character of the transfer prevails.

IV. The claims of Buckwald and Widl were never reduced to judgment. Evidence tending to establish Kurtz's indebtedness to them and others was introduced, but, as

**4. FRAUDULENT CONVEYANCES: action by trustee in bankruptcy to set aside.** judgment could not have been entered in favor of the trustee, there was no necessity of interposing a defense, even though one existed. Nor was it made to appear that the claims of any creditors had ever been filed or allowed in the bankruptcy court. The proposition that, before the validity of a transfer of property by the debtor to a third person can be questioned, the creditor or his representative must have completed his title at law, has always been recognized in this State. "The reason of the rule," said Wright, C. J., in *Buchanan v. Marsh,* 17 Iowa, 494, "is that until the creditor has established his title, or his debt, by the judgment of a court, he has no right to interfere; for, unless he has a certain claim upon the property of the debtor, he has no concern with his frauds." *Clark v. Raymond,* 84 Iowa, 251; *Goode v. Garrity,* 75 Iowa, 713. And ordinarily the judgment must be such as to constitute a lien on the debtor's property. *Peterson v. Gittings,* 107 Iowa, 306. This latter rule, however, is not inexorable, for in some cases a judgment against the debtor cannot be obtained, as where he is dead. *Cooley v. Brown,* 30 Iowa,

470; *Harlin v. Stevenson,* 30 Iowa, 371; *Doe v. Clark,* 42 Iowa, 123. Or, where the debtor has assigned for the benefit of creditors, his assignee cannot obtain judgment. *Schaller v. Wright,* 70 Iowa, 667; *Mehlhop v. Ellsworth,* 95 Iowa, 657. Other exceptions are noted in Smith's Eq. Rem. section 167.

A trustee in bankruptcy is in a like situation. By section 11 of the act of Congress approved July 1, 1898 (30 Statute 549, chapter 541 [U. S. Comp. St. 1901, 3426]), all actions founded on claims which a discharge in bankruptcy would release, pending at the time of the petition, are to be stayed until after the adjudication or the dismissal of the petition; and, if such person be adjudged a bankrupt, such suits are to be stayed until twelve months after the date of such adjudication, or if, within that time, such person applies for discharge, then until the question of such discharge is determined. If, then, the creditor had not obtained a judgment before petition filed, he cannot do so until after the discharge. But such discharge releases the bankrupt from all probable debts, except such as are mentioned in section 17, 30 Statute 550, 551 [U S. Comp. St. 1901, 3428]. In the meantime the trustee is vested, by section 70 (30 Statute 565; 566 [U. S. Comp. St. 1901, 3452]), with all the rights the creditors had to avoid transfer made by the debtor. The creditors could not sue and obtain judgment pending the bankruptcy proceedings. No such authority is conferred on the trustee. In short, the creditors are prevented by the paramount act of Congress from obtaining judgment upon which to base the right to attach the conveyance of their debtor. This obviates the necessity of obtaining judgment as a condition precedent to the demand by the trustee that a transfer of the debtor's property be set aside as fraudulent. *Mueller v. Bruss* 112 Wis. 406 (88 N. W. 229); *Blackman v. Baxter,* 125 Iowa, 118; *In re Pekin Plow Co.,* 112 Fed. 308, (50 C. C. A. 257); *Chesa-*

*peake Shoe Co. v. Seldner,* 122 Fed. 593, (58 C. C. A. 261);
*In re Ducker,* 134 Fed. 43, (67 C. C. A. 117.)

But this does not obviate the necessity of the administrator, assignee, or trustee in bankruptcy in such a case alleging and proving that claims of creditors have been filed

5. SAME.   and allowed as contemplated by law. He may question the bona fides of the transfer of the debtor's property in the interest of those creditors only to whom he may distribute the estate which shall come into his hands. That outstanding obligations exist is not enough. Unless these are established and allowed, as authorized by statute or the act of Congress, he has no authority to pay them from moneys that may come in his hands, to say nothing of the property the debtor has transferred to others. And, unless it appears that the representative of the creditors may appropriate the proceeds of property in the hands of third parties to the satisfaction of the debtor's obligations, setting aside transfers to them as fraudulent would be of no practical advantage. Section 57 of the bankruptcy act (30 Statute 560, 561 [U. S. St. Comp. St. 1901, 3444]) provides for the proof, adjudication, and allowance of the claims of creditors, and section 65 (30 Statute 563, 564 [U. S. Comp. St. 1901, 3448]) directs the declaration of dividends " on all allowed claims." Where no claims are allowed, there are no dividends to be paid by the trustee, and therefore no occasion to interfere with property in the hands of third persons. To entitle the trustee to relief, the assets must appear insufficient to satisfy the claims of creditors. *Deland v. Miller,* 119 Iowa, 371. In the absence of any claims, the sufficiency of the assets is manifest.

Because of the omission to prove that any claims had been established against the estate, the decree of the district court must be, and is, *reversed.*

*Supplemental opinion.*

Thursday, October 25, 1906.

Per Curiam.— The words " alleging and," found in the first sentence of the last division of the opinion heretofore filed, are ordered stricken therefrom, the point not being involved in the decision of this case; and with this modification the petition for rehearing is *overruled.*

Deemer, J. (dissenting).— I think the point is in the case, and that, if it is not necessary to allege the allowance of the claims by the referee in bankruptcy, it is not necessary to prove it. The creditors in the case have proceeded as far as they could, and the insolvency of the bankrupt is already established by the adjudication in the bankruptcy proceeding. In such cases the plaintiff need do no more than show the bankruptcy, the filing of claims, and the fraud in the conveyance attacked.

McClain, C. J.— Concurs in the dissent.