### RAILROAD COMPANY *v.* BLAIR.

1. A citation is not required when the appeal is taken and perfected in open court during the term at which the decree complained of is entered; *aliter*, where, at a subsequent term, the appeal is allowed, although the solicitors of the appellee be present.
2. The appeal will not, however, be dismissed in the latter case, but terms will be imposed upon the appellant.
3. *Dayton* v. *Lash* (94 U. S. 112) cited and approved.

MOTION to dismiss an appeal from the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. W. C. Larned* in support of the motion.
*Mr. Lyman Trumbull, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The decree appealed from in this case was rendered Feb.

12, 1879, during the December Term, 1878, of the Circuit Court. The appeal was not allowed until April 14, 1879, which was during the March Term, 1879. The practice only dispenses with a citation when the appeal is taken and perfected in open court during the term at which the decree complained of is actually entered; and, to be technically sufficient, so as to render a citation unnecessary, the taking of the appeal should in some form appear on the records of the court. The theory of the rule is, that as a party to a suit is constructively present in court during the entire term at which his cause is for hearing, and as the doings of the court are matter of record at the time, he is chargeable with notice of all that is done during the term affecting his suit; because, if actually absent when an order is made, he can on his return obtain full information by an examination of the minutes. Still, an appeal otherwise regular would not probably be dismissed absolutely for want of a citation, if it appeared by clear and unmistakable evidence, outside of the record, that the allowance was made in open court at the proper term, and that the appellee had actual notice of what had been done.

The records of the court in this case show an allowance of the appeal in court when the appellees were present by their solicitors. It was, however, at a term subsequent to the rendition of the decree, and under the practice a citation was necessary to bring the appellees to this court. The case was docketed promptly here at the term to which the appeal was returnable, and as the appellants might well have supposed that a citation would be waived, we will not dismiss the appeal absolutely, but apply the rule acted upon in *Dayton* v. *Lash* (94 U. S. 112), and " grant summary relief " " by imposing such terms upon the appellants as under the circumstances may be legal and proper."

An order may be entered that unless the appellants cause a citation, returnable on the first Monday of February next, to be issued and served upon the appellees before that date, the appeal be dismissed.

*So ordered.*