## SHUTE *v.* KEYSER.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 1187. Submitted May 1, 1893. — Decided May 15, 1893.

An appeal or writ of error lies to this court from the judgments or decrees of the Supreme Courts of the Territories, except in cases where the judgments of the Circuit Courts of Appeal are made final.

THIS was a motion to dismiss. The case is stated in the opinion.

*Mr. R. F. Brent* for the motion.

*Mr. William Allen Butler* and *Mr. John Notman* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court:

This was an action brought in the district court of Gila County, Arizona, by William Keyser against George E. Shute, sheriff of that county, and certain judgment creditors of the Old Dominion Copper Mining Company, to enjoin the threatened sale, under an execution against that company, of mining property of which Keyser claimed to be the owner, which resulted in a decree in favor of Keyser according to the prayer of the complaint. The case was carried by appeal to the Supreme Court of the Territory and the judgment affirmed, whereupon an appeal to this court was allowed, and the case

having been duly docketed, now comes before us on motion to dismiss.

The citation was signed March 12, 1892, and made returnable on the first day of the ensuing October term; and one of the two grounds relied on in support of the motion is that the citation should have been returnable within sixty days from the signing of the same, under section five of rule eight, and section four of rule nine, of this court. It is true that the rules so provide, but as the purpose of the citation is notice so that the appellant may appear and be heard, any defect in that regard is not jurisdictional and a new citation might be taken out if necessary, which, however, it is not, as the appellees have appeared generally.

The second ground of the motion is, that by reason of the provisions of the judiciary act of March 3, 1891, the appeal was improperly allowed and cannot be maintained.

By section 702 of the Revised Statutes and the act of March 3, 1885, 23 Stat. 443, c. 355, the final judgments and decrees of the Supreme Court of the Territories, where the matter in dispute, exclusive of costs, exceeded the sum of $5000, might be reviewed or reversed or affirmed in this court upon a writ of error or appeal in the same manner and under the same regulations as the final judgments and decrees of a Circuit Court. By the fifth section of the judiciary act of March 3, 1891, 26 Stat. 826, 828, c. 517, it was provided that appeals or writs of error might be taken directly to the Supreme Court from the District and Circuit Courts in six classes of cases therein enumerated, neither of which classes includes the pending case. By the sixth section the Circuit Courts of Appeals, established by the act, were to exercise appellate jurisdiction to review by appeal or writ of error final decisions of the District and Circuit Courts in all cases other than those provided for in the fifth section, unless otherwise provided by law, and the judgments or decrees of the Circuit Courts of Appeals were made final in all cases in which the jurisdiction was dependent entirely upon the opposite parties to the suit being aliens and citizens of the United States, or citizens of different States; in all cases arising under the patent laws; the revenue

laws; the criminal laws ; and in admiralty cases. The case at bar falls under none of these heads.

By the fifteenth section it was provided that the Circuit Courts of Appeals in cases in which the judgments or decrees of those courts were made final by the act, should have the same appellate jurisdiction by writ of error or appeal to review the judgments, orders, and decrees of the Supreme Courts of the several Territories, as by the act they might have to review the judgments, orders, and decrees of the District and Circuit Courts. This section does not apply to this case because it is not one of the cases in which the judgments or decrees of the Circuit Courts of Appeals are made final by the act.

By the fourteenth section, section 691 of the Revised Statutes, and section three of the act of February 16, 1875, 18 Stat. 315, c. 77, were expressly repealed, and also " all acts and parts of acts relating to appeals or writs of error inconsistent with the provisions for review by appeals or writs of error in the preceding sections five and six of this act."

There was no provision for appeals or writs of error in cases not made final by section six from the Supreme Courts of the Territories to the Circuit Courts of Appeals, and there was no express repeal of the provisions of the prior acts regulating appeals or writs of error in such other cases from those courts to this. There is nothing to indicate an intention that the judgments and decrees of the Supreme Courts of the Territories should not be susceptible of review in the class of cases in which there was no appeal or writ of error to the Circuit Courts of Appeals.

The result is that, as the acts regulating appeals or writs of error from or to the Supreme Courts of the Territories to or from this court were not repealed, except to the extent specified, an appeal or writ of error lies to this court from the judgments or decrees of those courts, except in cases where the judgments of the Circuit Courts of Appeals are made final.

*The motion to dismiss the appeal will therefore be denied.*