CAMPBELL, RESPONDENT, *v.* IRVINE, APPELLANT.

[Submitted January 28, 1896. Decided February 3, 1896.]

PARTIES—*Transfer of interest—Substitution.*—Under section 22 of the Code of Civil Procedure, 1887, providing that in case of a transfer of interest in a pending action, the court may allow the person to whom the transfer is made to be substituted in the action, it is not error to allow the assignee of an account to whom it had been transferred by the original plaintiff after a complaint and answer had been filed, and who had been substituted as plaintiff, to prove the assignment of the account on the trial although the same was not pleaded in the complaint. In such case the original plaintiff would be bound by a judgment entered for the substituted plaintiff and by its satisfaction. (*Meadowcraft* v. *Walsh*, 15 Mont. 544, cited.)

APPEAL—*Error—Writings—Parol evidence.*—Where it appeared that the assignment of an account was in writing, the fact that oral evidence of the transfer was admitted, which was objected to, and which the assignee agreed might be stricken out if the loss of the writing was not accounted for, it is not ground for reversal, where the bill of exceptions did not contain all of the testimony upon the subject and it consequently did not appear therefrom but that the writing was afterwards produced, or its loss accounted for.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION on an account. Judgment was rendered for the plaintiff below by SPEER, J. Affirmed.

*Forbis & Forbis,* for Appellant.

*Charles R. Leonard,* for Respondent. *Thompson Campbell, in pro per.*

It is within the discretion of the court under section 22 of the Code of Civil Procedure (1887), to allow a person to be substituted upon application, and when the court is satisfied that such person has had transferred to him the cause of action pending, it makes the order of substitution, as in this case. (*Moss* v. *Shear*, 30 Cal. 476; *Camarillo* v. *Fenlon*, 49 Cal. 206; *Elliot* v. *Teal*, 5 Sawyer 190; *Chickasaw Co.* v. *Pitcher*, 36 Iowa 596; *Firman* v. *Bateman*, 2 Utah 272; *Walker* v. *Felt*, 54 Cal. 386; *Scott* v. *Milliken*, 60 Ill. 109; *Cox* v. *N. Y. C. & H. R. Ry. Co.*, 63 N. Y. 415; *French* v. *Edwards*, 4 Sawyer 128.)

DE WITT, J.—This action was commenced by the original plaintiff, Davies, asking for judgment against the defendant,

Irvine, for the value of material furnished in the erection of a certain building, and for a foreclosure of a lien upon the real estate. An answer to the complaint was filed by the original defendant. Afterwards, upon the application of Thompson Campbell, the court made an order substituting him as plaintiff. Afterwards Campbell, as substituted plaintiff, filed a replication. The case was tried to the court without a jury. Judgment was rendered in favor of the plaintiff. The defendant appeals from the judgment. The alleged error upon which he relies is saved by a bill of exceptions.

Plaintiff offered to prove upon the trial that the account of Davies had been assigned to him, and that he was the owner of the same. Defendant objected because there was no allegation in the complaint that Davies had assigned the account to Campbell. The objection was overruled, and the evidence was admitted. We are of opinion that this was not error. Ordinarily, it is true that an assignee must allege and prove the assignment, in order to commence an action. But in this case an action had been commenced, and a complaint and answer had been filed.

Our statute provides (Code of Civil Procedure, 1887, § 22) as follows: "An action, or cause of action, or defense, shall not abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, but shall, in all cases, where a cause of action or defense arose in favor of such party prior to his death, marriage or other disability or transfer of interest therein, survive and be maintained by his representatives or successors in interest; and in case such action has not been begun or defense interposed, the action may be begun or defense set up in the name of his representatives or successors in interest; and in case the action has been begun or defense set up, the courts shall, on motion, allow the action or proceeding to be continued by or against his representatives or successors in interest. In case of any transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

This seems to be a case contemplated by section 22,—a case where the action had been begun, the complaint and answer had been filed; and the court was authorized, on motion, to allow the action to be continued by Campbell, the successor in interest of Davies. Davies himself was in court, testifying that he had assigned to Campbell, as was also Campbell. If a judgment were entered in favor of Campbell, Davies would be bound thereby. (*Meadowcraft* v. *Walsh*, 15 Mont. 544.) The defendant, Irvine, could make no objection; for, if he satisfied the judgment, Davies would be bound thereby. (See case last above cited, with authorities therein quoted; also, *Virgin* v. *Brubaker*, 4 Nev. 38.) The court allowed it to be shown on the trial that the claim of Davies had been assigned to Campbell. For the reasons expressed above, we think this was not error.

Furthermore, the appellant complains that, as it had appeared that the assignment from Davies to Campbell was a written one, the writing was the best evidence. The court allowed oral testimony of the assignment. Appellant moved to strike it out. Respondent thereupon said that, if they could not account for the loss of the written assignment, they would consent that the oral evidence be stricken out. The bill of exceptions does not certify that it contains all of the evidence upon the question of the assignment. It appears that after the remarks of the counsel, last above quoted, the court took a recess. It does not appear from the bill of exceptions that the court ever struck out the oral testimony upon this point. The bill of exceptions not pretending to contain all of the testimony upon the subject, it does not appear, but the written assignment was afterwards produced, or its loss sufficiently accounted for. The fact that the court did not strike out the oral testimony upon this point is suggestive that the written assignment was produced, or its loss accounted for by other testimony. These seem to be the only important questions raised upon the appeal.

We are therefore of opinion that the judgment must be affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.