FARMERS' LOAN & TRUST CO. v. CHICAGO & N. P. R. CO. (DAENELL, Intervener).

(Circuit Court of Appeals, Seventh Circuit.   March 26, 1896.)

No. 282.

1. APPEAL—TIME AND MANNER OF TAKING.
  On May 7th an intervener in foreclosure proceedings in the circuit court filed an assignment of errors, and prayed an appeal to the circuit court of appeals.   It was thereupon ordered "that said appeal be allowed, upon the intervening petitioner * * * filing an appeal bond" for $500, "with security to be approved by the court."   An appeal bond was approved September 5th, and filed September 9th, and on that day a citation was issued, returnable October 8th.   Held, that the allowance of an appeal was perfected on September 9th.

2. SAME—SIGNING OF CITATION.
  When one of the judges of the circuit court has approved an appeal bond, it is competent, under Rev. St. § 999, for another judge of that court, who might have granted the appeal and approved the bond, to sign the citation.   His signing thereof without requiring security is equivalent to an express approval of the existing bond.

3. SAME—TIME OF FILING TRANSCRIPT.
  Where the transcript was filed within 30 days after the appeal was perfected, but not until the next day after the return day of the citation, held, that the appeal would not be dismissed; it appearing that the transcript was carried at 5 o'clock on the previous day to the door of the clerk's office, to be filed, but that the office had then been closed for the day.

4. SAME—RETURN DAY OF CITATION.
   There is no rule in the Seventh circuit requiring the citation to be returnable to or before the next ensuing term of the circuit court of appeals.

5. SAME—DEFECTIVE BOND—AMENDMENT.
   If the appeal bond is defective, in that it runs to only one of the several parties whom the citation makes respondent to the appeal, this defect may be cured after the cause is in the appellate court.

6. SAME—PRINTING RECORD.
   On a motion to dismiss, argued a little over a month after the appeal was perfected, *held*, that it was no ground of dismissal in the Seventh circuit that the record had not yet been printed, or any briefs filed; there being no allegation that appellant had failed to give the required undertaking for costs, or to pay the clerk the estimated cost and fees for printing the record, or to file a printed brief within 20 days after delivery by the clerk of the printed record. Rules 14, 23, 24 (Seventh Circuit) 11 C. C. A. lxxiv., lxxvi., lxxvii.

Clark Varnum, for appellant.

F. H. Wickett, for appellee Chicago & N. P. R. Co.

William Burry, for appellee Farmers' Loan & Trust Co.

Before WOODS and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This suit was brought by the Farmers' Loan & Trust Company, as trustee, against the Chicago & Northern Pacific Railroad Company and others, to foreclose a mortgage upon the property of the latter company in Illinois. Seven holders of bonds secured by the mortgage were afterwards joined as co-plaintiffs. The appellant, Daenell, a judgment creditor of the railroad company, was permitted to file an intervening petition, denying the validity of the mortgage on the ground that the trust company, complainant, was a foreign corporation, and not qualified to act as trustee in the mortgage. The attorney general of Illinois, also, was allowed to file an intervening petition; and two of the defendants, the Chicago & Northern Pacific Railroad Company and the Northern Pacific Railroad Company, filed pleas assailing the mortgage on the same ground. The petitions and pleas were heard together by Judge Jenkins, who on April 3, 1895, made an order overruling the pleas and dismissing the intervening petitions, each for want of equity. The facts are more fully stated in the opinion of the court. 68 Fed. 412. On May 7, 1895, Daenell filed an assignment of error, and prayed an appeal, whereupon it was "ordered that said appeal be allowed upon the intervening petitioner, Louis Daenell, filing an appeal bond in the sum of five hundred dollars, with security to be approved by the court." No other formal order allowing an appeal was entered. An appeal bond, approved by Judge Jenkins on September 5, was filed September 9, 1895, and on that day a citation, made returnable on October 8, 1895, and signed by Judge Showalter, was issued, and on October 4, 1895, was served upon the Farmers' Loan & Trust Company, and service on the railroad companies named was accepted by counsel. The terms of this court begin each year on the first Monday of October, which in 1895 was the 7th day of the month. The Farmers' Loan & Trust Company alone, and appearing only for the purpose of making the motion, moved to dismiss the appeal on the following grounds: (1) The order granting the appeal did not make

it returnable within 30 days. (2) No citation was issued or served within said 30 days. (3) The citation issued was not returnable on or before the first day of the October term, 1895, of this court. (4) The citation issued was not signed by the judge granting the appeal. (5) The bond was not presented or approved within 30 days from the time of granting the appeal. (6) The citation makes respondent to the appeal all of the complainants and the two railroad companies mentioned, but the appeal bond runs only to the Farmers' Loan & Trust Company, and is therefore defective. (7) The record was not in fact filed in the appellate court within 30 days, and not even by the return day of the citation, or the first day of the October term of this court. (8) The record was not filed in this court until October 9, 1895. (9) The attorney general of Illinois, whose petition of intervention was dismissed by the same order, does not join in the appeal, and no severance has been made from him, and he is not made a respondent to the appeal. (10) The record has not yet been printed, and no briefs have been filed.

"The statute makes no provision, in terms, for the form of the allowance of an appeal. Rev. St. § 692. But as there can be no appeal without the taking of security, either for costs, or costs and damages, and this is to be done by the court, or a judge or justice, the acceptance of the security, if followed, when necessary, by the signing of a citation, is, in legal effect, the allowance of an appeal. * * * Until the security has been accepted, the allowance of an appeal cannot be said to have been perfected." Sage v. Railroad Co., 96 U. S. 712, 714; Rev. St. § 1012. "The circuit judge, by taking the security and signing the citation, allowed an appeal. No formal order of allowance was necessary." Brandies v. Cochrane, 105 U. S. 262. In this case the bond was approved on September 5th, was filed September 9th, and on that day the citation, returnable October 8th, was signed and issued, and on October 4th was served. An allowance of an appeal in this case was perfected, therefore, on September 9th, unless the fact that the citation was not signed by the same judge who approved the bond is material. In the case of Insurance Co. v. Mordecai, 21 How. 195, 202, Chief Justice Taney declared that the act of congress required the citation "to be issued by the judge or justice who allows the writ of error, and it cannot be legally issued by any other judge or court"; but the later cases indicate a more liberal construction of the statute, which provides, in terms (Rev. St. § 999), that the "citation shall be signed by a judge of such circuit court, or a justice of the supreme court"; and, while it is required by the next section that every judge or justice signing a citation on any writ of error shall take good and sufficient security for the prosecution of the writ or appeal, it does not follow, in our opinion, that when, in a given instance, a bond has been approved by one of the judges of the circuit court, another judge of that court, who might have granted the appeal and approved the bond, may not sign the citation. His signing thereof without requiring security is equivalent to an express approval by him of the bond already approved by the other judge. A citation, as has often been declared, is intended only for the purpose of notice, is not jurisdictional, and may

be waived, or may be substituted by proof of other equivalent notice. See Sage v. Railroad Co., supra; Dayton v. Lash, 94 U. S. 112; Grigsby v. Purcell, 99 U. S. 505; Railroad Co. v. Blair, 100 U. S. 661; Dodge v. Knowles, 114 U. S. 430, 435, 5 Sup. Ct. 1108, 1197; Hewitt v. Filbert, 116 U. S. 142, 6 Sup. Ct. 319; Tripp v. Railroad Co., 144 U. S. 126, 12 Sup. Ct. 655; Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159.

In West v. Irwin, 4 C. C. A. 401, 9 U. S. App. 547, to which reference has been made, the appeal was prayed and granted on July 22d, and on the next day an appeal bond was approved and filed, but not until the ensuing October 10th was a citation issued; and it was held to be ineffective, because there was no subsisting appeal. In this case the bond was filed and the citation issued on the same day, and on October 8th, the return day of the writ, as is shown by affidavit, the transcript of the record was carried, at 5 o'clock p. m., to the door of the office of this clerk, to be filed, but, the office having been closed for the day, it was not filed until the next day. The "thirty days" mentioned in the first, second, and seventh reasons stated in the motion to dismiss, it is to be noted, refer, if they can be said to have a definite commencement, to the order of May 7th, and no question is raised by the motion whether after September 9th, when there was a complete and effectual allowance of an appeal, timely and proper steps to perfect the appeal were taken. Within 30 days after that date the transcript was filed, and, though not until one day beyond the return day of the citation, the default in that particular is sufficiently explained. See Chicago Dollar Directory Co. v. Chicago Directory Co., 13 C. C. A. 8, 65 Fed. 463. We therefore hold that the appeal should not be dismissed for either the first, second, fourth, fifth, seventh, or eighth reason stated in the motion. In respect to the other reasons, it is enough to say that there is no rule which requires the citation to be returnable on or before the first day of the next ensuing term of this court; that, if the bond is defective for the reason suggested, the defect is curable; that the intervening petitions of the appellant and the attorney general of Illinois were separate and distinct, and no severance was necessary; and that it is not cause for dismissing the appeal that, as stated, "the record has not yet been printed, and no briefs have been filed." It is not alleged that the appellant had failed to give the required undertaking for costs, or to pay to the clerk the estimated cost and fees for printing the record, or to file a printed brief within 20 days after the date of the delivery by the clerk of the printed record. See rules 14, 23, 24, of this court. 11 C. C. A. lxxiv., lxxvi., lxxvii. The motion to dismiss is overruled.