### BERLINER GRAMOPHONE CO. v. SEAMAN.

(Circuit Court of Appeals, Fourth Circuit. May 7, 1901.)

No. 403.

1. APPEAL—APPEALABLE ORDER—CONTINUING INJUNCTION.

An interlocutory order entered by a circuit court on a motion to dissolve a temporary injunction, refusing such motion and continuing the injunction until final hearing, is appealable, under section 7 of Act March 3, 1891, creating the circuit courts of appeals, as amended by Act June 6, 1900, as an order "continuing an injunction."

**2. SAME—JURISDICTION—TIME OF ISSUING CITATION.**

The issuance and service of a citation on appeal is not jurisdictional, but is a matter of procedure, and the mere fact that citation is not issued until after the time limited for taking the appeal has expired does not defeat the jurisdiction of the appellate court.

Appeal from the Circuit Court of the United States for the Western District of Virginia.

Marshall McCormick, for appellant.

John T. Harris, for appellee.

Before GOFF and SIMONTON, Circuit Judges, and BRAWLEY, District Judge.

SIMONTON, Circuit Judge. This cause presents an appeal from the circuit court of the United States for the Western district of Virginia. It comes up now on a motion to dismiss the appeal. On June 25, 1900, the circuit court of the United States for the Western district of Virginia, at the suit of Frank Seaman, and on his ex parte application, granted an ad interim injunction against the Berliner Gramophone Company. Thereupon the said company entered a motion to dissolve the injunction. This motion was heard on the existing state of the pleadings and many affidavits on 1st November, 1900. The court on that day refused the motion and continued the injunction until the final hearing. On the same day the gramophone company presented its petition that an appeal be allowed. The prayer of the petition was granted, and on 29th November the bond for costs was given, approved, and filed. No citation was issued either when the appeal was allowed or when the bond was filed. In the meantime the appellant proceeded to print the record, and on the 6th of February, 1901,—a day before the first day of the first session of this court after the appeal was allowed,—the record was filed with the clerk, and at the same time a citation bearing date the 6th of February, 1901, returnable 16th February, 1901, was served on the appellee. The present motion is to dismiss the appeal and to strike the case from the docket upon the ground that the citation was not issued within the 30 days allowed for the appeal, and that for this reason this court has no jurisdiction over the proposed appeal. It seems to be admitted that the appeal was not taken in open court. So a citation was necessary. The question therefore is, is it necessary that the citation, as well as the petition, allowance, and bond for appeal, be issued and filed within the 30 days allowed for an appeal?

A question of some interest presents itself at the threshold. By the seventh section of the act of 1891 constituting this court an appeal was allowed to this court when an injunction is allowed or continued by an interlocutory order or decree in a cause in which an appeal from a final decree may be taken to this court. 1 Supp. Rev. St. p. 904; 26 Stat. 828. By the act of February 18, 1895, this jurisdiction was enlarged so as to embrace cases in which, by an interlocutory order or decree, an injunction shall be granted, continued, refused, or dissolved, or an application to dissolve an injunction shall

be refused, in all cases in which an appeal from a final decree would be allowed to this court. 28 Stat. 666. By Act June 6, 1900 (St. 1899–1900, p. 660), the seventh section of the act of 1891 was amended, and by it an appeal was allowed to an interlocutory order or decree granting or continuing an injunction or appointing a receiver in all cases in which an appeal from a final order or decree could be had to this court. All of these acts provided that the appeal must be taken within 30 days from the entry of the interlocutory order or decree. Two circuit courts of appeals have held that this act of 1900 repealed the act of 1895, so that an appeal will lie to this court from an interlocutory order or decree when it grants or continues an injunction, and not when it refuses or dissolves an injunction, or refuses to dissolve an injunction. Westinghouse Air-Brake Co. v. Christensen Engineering Co. (C. C. A., 2d Cir.) 104 Fed. 622, and Wire Co. v. Boyce (C. C. A., 7th Cir.) Id. 173. Without expressing any opinion on this point, we are of the opinion that in the present case an appeal lies to this court. It is true that the case came up on motion to dissolve an injunction, but the order appealed from continued the injunction, and so is within the statutes of 1891 and 1900. As the statutes are remedial in their character, they should be liberally construed, and the jurisdiction should not be taken away unless the statute required it.

As the citation was not issued and filed within the 30 days after entry of the interlocutory order, does this defeat the jurisdiction of this court? In other words, is the issue of the citation a matter of procedure, or is it jurisdictional? As a general rule, a citation is necessary to perfect an appeal, the citation being notice (Cohen v. Virginia, 6 Wheat. 264, 5 L. Ed. 257), and every appellee should have notice of the appeal (Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127). There are exceptions. If an appeal be taken in open court, no citation is necessary. If it be taken out of court, the issue and service of the citation can be waived. Alviso v. U. S., 5 Wall. 824, 18 L. Ed. 492; Sage v. Railroad Co., 96 U. S. 712, 24 L. Ed. 641; Richardson v. Green, 130 U. S. 114, 115, 9 Sup. Ct. 443, 32 L. Ed. 872. If the citation can be waived, clearly its issuance is not jurisdictional. No consent or waiver of parties can confer a jurisdiction,—especially one resting on a statute. U. S. v. Curry, 6 How. 113, 12 L. Ed. 363. A review of the authorities will show that the mere fact that the citation was issued after the time limited within which to make appeal has expired does not defeat the jurisdiction of the appellate court. In Mendenhall v. Hall, 134 U. S. 567, 10 Sup. Ct. 616, 33 L. Ed. 1012, it appeared when the case was reached on the docket that Hall had not been served with notice of appeal. The supreme court then directed a citation to be served on him, or, if he be dead, on his administratrix. The dates of that case are important. Final decree April 14, 1886; appeal allowed April 30, 1886, and bond executed September 9, 1886; record filed in supreme court October 12, 1886; citation issued as before stated, and executed January 13, 1890. The court in this case says:

"There is no ground to question the jurisdiction of this court to proceed to a hearing of the appeal. The record was filed in this court on the day to

which the appeal was returnable. Our jurisdiction did not depend upon a citation being issued."

Evans v. Bank, 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917, is to the same effect.

In Edmonson v. Bloomshire, 7 Wall. 306, 19 L. Ed. 91, Justice Miller says:

"The prayer for the appeal and the order allowing it constituted a valid appeal."

In that case there was no bond, and the supreme court allowed a bond to be given after the cause was in that court. In Shute v. Keyser, 149 U. S. 651, 13 Sup. Ct. 960, 37 L. Ed. 884, the citation was defective, and the supreme court would have allowed a new citation to be taken out, had not appellees waived it by a general appearance. There they say that a citation is not jurisdictional.

In Mattingly v. Railroad Co., 158 U. S., at page 56, 15 Sup. Ct. 726, 39 L. Ed. 895, the chief justice says:

"The final decree was entered July 10, 1889, appeal allowed January 2, 1891, and bond given and filed in accordance with the allowance and approved January 13, 1891. It is true, the citation was not signed until the 14th April, 1891, and not served until 17th of the month, but neither the signing nor the service of the citation was jurisdictional. Its only office is to give notice to the appellees."

In Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127, four rules are laid down as settled: (1) Where an appeal is allowed in open court, and perfected during the term at which the decree or judgment appealed from was rendered, no citation is necessary. (2) Where the appeal is allowed at the term of the decree or judgment, but not perfected until after the term, a citation is necessary to bring in the parties; but if the appeal be docketed here at our next ensuing term, or the record reaches the clerk's hands seasonably for that term, and legal excuse exists for lack of docketing, a citation may be issued by leave of this court, although the time for taking the appeal has elapsed. (3) Where the appeal is allowed at a term subsequent to that of the decree or judgment, a citation is necessary, but may be issued, properly returnable, even after the expiration of the time for taking the appeal, if the allowance of the appeal were before. (4) But a citation is one of the necessary elements of an appeal taken after the term, and if it is not issued and served before the end of the next ensuing term of this court, and not waived, the appeal becomes inoperative. Hewitt v. Filbert, 116 U. S. 142, 6 Sup. Ct. 319, 29 L. Ed. 581; Richardson v. Green, 130 U. S. 104, 9 Sup. Ct. 443, 32 L. Ed. 872; Evans v. Bank, 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917; Green v. Elbert, 137 U. S. 615, 11 Sup. Ct. 188, 34 L. Ed. 792. See, also, Daenell v. Trust Co., 34 U. S. App. 630, 19 C. C. A. 477, 73 Fed. 314; and Railroad Equipment Co. v. Southern Ry. Co., 34 C. C. A. 519, 92 Fed. 541.

It appearing in this case that a citation has been issued before the term ensuing next after the entry of the order appealed from, the court has jurisdiction, notwithstanding that the citation was issued more than 30 days after the date of the order. The motion to strike the case from the docket is refused.