NOME & SINOOK CO. v. AMES MERCANTILE CO.

(Circuit Court of Appeals, Ninth Circuit.   May 22, 1911.)

No. 1,906.

1. APPEAL AND ERROR (§ 406*)—CITATION—RETURN—TIME.
Since the citation on writ of error is not jurisdictional, but is intended only for a notice that may be waived or substituted by proof of other equivalent notice, it was not a fatal defect that it was made returnable in 60, instead of 30, days.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2123–2127; Dec. Dig. § 406.*]

2. APPEAL AND ERROR (§ 409*)—DEFECTIVE CITATION—EFFECT.
Where a citation issued on a writ of error is defective, a new citation may be issued if necessary.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2134; Dec. Dig. § 409.*]

3. APPEAL AND ERROR (§ 405*)—CITATION—OMISSION—EFFECT.
That a citation on a writ of error is not issued until after the time limited for taking an appeal has expired does not affect the jurisdiction of the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 405.*]

4. ABATEMENT AND REVIVAL (§ 41*)—TRANSFER OF INTEREST—CORPORATIONS.
Act Gen. Assem. March 10, 1899 (21 Del. Laws, c. 273), declares that all corporations, whether expiring by limitation or otherwise dissolved, shall be continued for three years to prosecute and defend suits and to enable them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock. *Held*, that such act was sufficiently broad to include a transfer of the property of a corporation dissolved by proclamation of the Governor of the state under the laws of which it was organized for failure to pay taxes and assessments, so that an action brought by such a corporation did not abate by a transfer of its interest in the subject of litigation to another corporation.

[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 41.*]

5. PARTIES (§ 61*)—TRANSFER OF INTEREST—SUBSTITUTION OF NEW PARTY—PROCEDURE.
Substitution of a new party made necessary by a transfer of interest is ordinarily made, by motion to substitute by the grantee or transferee.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 97; Dec. Dig. § 61.*]

6. PARTIES (§ 62*)—SUBSTITUTION OF NEW PLAINTIFF—SUPPLEMENTAL COMPLAINT—FAILURE TO FILE—EFFECT.
Where, on the transfer of plaintiff's interest in the subject-matter of an action, the court authorized the substitution of the transferee as plaintiff of record, but made no order requiring the substituted party to file a supplemental complaint, mere failure to file the same was no ground for revoking the order of substitution, and for dismissal of the cause for want of prosecution.

[Ed. Note.—For other cases, see Parties, Dec. Dig. § 62.*]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

Ejectment by the Nome-Sinook Mining Company, conducted in the name of the Nome & Sinook Company, against the Ames Mercantile

Company. From a judgment of dismissal, plaintiff brings error. Reversed.

Albert Fink, F. E. Fuller, G. J. Lomen, and Thomas R. White, for plaintiff in error.

James W. Bell, for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This cause is here on a writ of error from the judgment of the trial court rendered on the pleadings.

[1] The first question to be disposed of arises upon defendant's motion to dismiss the writ of error. The ground assigned for the motion is that the citation is not made returnable within 30 days, as required by section 5, rule 14, of this court (150 Fed. xxix, 79 C. C. A. xxix); the same having been made returnable within 60 days. It may be premised that the citation is not jurisdictional; it being intended only for the purpose of notice and may be waived, or substituted by proof of other equivalent notice. See Farmers' Loan & Trust Co. v. Chicago & N. P. R. R. Co., 73 Fed. 314, 19 C. C. A. 477, and cases there cited.

[2, 3] Not being jurisdictional, if defective, a new citation may be taken out if necessary (Shute v. Keyser, 149 U. S. 649, 13 Sup. Ct. 960, 37 L. Ed. 884); and the mere fact that a citation is not issued until after the time limited for taking the appeal has expired does not defeat the jurisdiction of the appellate court. Berliner Gramophone Co. v. Seaman, 108 Fed. 714, 47 C. C. A. 630. So it has been held by the Supreme Court that, where a citation was served and made returnable less than 30 days after writ of error granted, it was not sufficient ground upon which to dismiss the writ. Segrist v. Crabtree, 127 U. S. 773, 8 Sup. Ct. 1394, 32 L. Ed. 223. If such a citation is sufficient, by how much the greater reason is a citation made returnable in 60 days ample for the purpose of notice to the defendant in error. No question is made as to the time of service. The motion to dismiss will therefore be denied.

The action is one in ejectment. The amended complaint shows the plaintiff therein named, the Nome-Sinook Mining Company, is a Delaware corporation, and the defendant a California corporation; that plaintiff is the owner of certain real property situate in the Cape Nome mining district, Alaska, and is entitled to possession by virtue of location, pre-emption, purchase, and actual occupation and working of a placer mining claim, which the defendant wrongfully withholds. The defendant answered, denying every allegation of the complaint except the incorporation of the defendant company, and setting up several further and separate answers and defenses, parts of which were stricken out on motion. The plaintiff replied. Some time thereafter the defendant filed a supplemental answer, setting up two separate defenses, the latter of which is, in effect, that the plaintiff company was not then an incorporation by reason of having been dissolved by proclamation of the Governor of the state of Delaware on account of the failure to pay certain taxes and assessments accruing by virtue of the laws of the state. On demurrer of plaintiff, the first separate answer and de-

fense was stricken out, but the latter was permitted to stand. Three days after the filing of the supplemental answer, the Nome & Sinook Company moved the court that it be substituted for the original plaintiff, based upon the affidavit of its attorney, Mr. F. E. Fuller, that said company was a corporation existing under and by virtue of the laws of the state of Maine, and that since the commencement of the action the plaintiff company sold and transferred to said Nome & Sinook Company the premises, the recovery whereof is sought in the action. The record does not show that this motion was acted upon, except as reference is made thereto in the final judgment. Thereafter, on September 24, 1909, the defendant filed a second supplemental answer. A motion was interposed the next day to strike the answer. The judgment complained of was entered of date October 23, 1909, and is as follows:

"The above-entitled case having come on regularly for trial on the 24th day of September, 1909, before the above-entitled court, Messrs. F. E. Fuller and G. J. Lomen, Esqs., appearing for plaintiff, and James W. Bell, Esq., appearing for the defendant, and the plaintiff having moved to strike a second supplemental answer theretofore filed by the defendant and after argument of counsel, and the court being fully advised, said motion to strike was granted, and thereupon defendant moved for permission to refile the said second supplemental answer excepting the last allegation therein set forth, said supplemental answer setting out the nature of the estate in the premises claimed by the defendant and its successor in interest, the Alaska Mercantile Company, and, after argument of counsel and the court being fully advised, the said motion was granted, and thereupon the defendant moved for judgment on the pleadings, and it appearing to the court that the defendant served and filed a supplemental answer on the 15th day of July, 1905, alleging that the charter of the Nome-Sinook Mining Company of Delaware had been repealed, and that the said Nome-Sinook Mining Company's right to sue had thereupon and long prior to the time of filing said supplemental answer, by reason of the repeal of said charter, abated, and it further appearing to the court that the said plaintiff was allowed on motion to substitute as party plaintiff the Nome & Sinook Company as the successor in interest of the Nome-Sinook Mining Company, but that the said Nome & Sinook Company had never filed any supplemental complaint setting up any allegations or facts showing the right of the Nome & Sinook Company to continue litigation theretofore instituted by the Nome-Sinook Mining Company, and there being nothing before the court to indicate that the said Nome & Sinook Company had a right to continue the litigation theretofore instituted by the Nome-Sinook Mining Company, and the said defendant having moved the court that said order of substitution be revoked and the court being fully advised, thereupon granted said motion to revoke said order of substitution, and, it appearing to the court that the defendant was entitled to judgment on the pleadings at said time, the said motion was thereupon granted; and now, therefore, by reason of the premises, it is hereby ordered, adjudged, and decreed that the plaintiff Nome-Sinook Mining Company's right to sue long since abated, and that the said\ plaintiff is not entitled to recover the premises described in the complaint filed by said Nome-Sinook Mining Company; and it is further ordered, adjudged, and decreed that the Alaska Mercantile Company, the successor in interest of the Ames Mercantile Company, the defendant herein, is the owner in fee by patent from the United States of America to all the premises particularly described in the defendant's second supplemental answer, and in possession thereof and entitled to the possession. It is further ordered, adjudged, and decreed that the defendant recover its costs herein taxed at ————."

This judgment is explanatory of some things done by the court which do not otherwise appear in the record.

It is complained that the court erred in rescinding its previous order

substituting the Nome & Sinook Company for the original plaintiff, in granting defendant's motion for judgment on the pleadings, and in declaring the Alaska Mercantile Company, a stranger to the litigation, owner of the premises in dispute. Being satisfied that the first assignment is fatal to the judgment, we will defer examination of the other two.

[4] By a Delaware statute, section 36 of an act passed March 10, 1899 (21 Del. Laws, p. 456, c. 273), it is provided that:

"All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which said corporation shall have been established."

See Scott v. Stockholders' Oil Co. et al. (C. C.) 142 Fed. 287.

This statute is unquestionably broad enough to include any transfer or disposition of the property of any dissolved corporation made within three years after dissolution, whatever may be the manner of such dissolution. The action here prosecuted did not abate by the transfer of the original plaintiff's interest in the subject of litigation.

[5] Section 35, Alaska Code. The substitution of a new party is generally effected by motion, which should ordinarily be made by the party in interest; that is, the grantee or transferee. Facts should be set forth attending the motion, showing the transfer of interest pending suit, and, unless admitted by the opposite party, should be established by competent proof. 20 Ency. Pldg. & Prac. pp. 1050, 1056. The common-law method by which to procure the substitution of new parties was by scire facias, but the writ has been abolished in Alaska (section 337, Alaska Code), and it would seem that the usual mode of practice in the Code states should apply. Further, as a general rule, the substituted party takes up the prosecution or defense at the point where the original party left off, and the pleadings already filed inure to the benefit of the new party. 20 Ency. Pldg. & Prac. pp. 1061, 1062.

[6] Now it appears from the judgment entry that the trial court revoked the order of substitution because the new party had not filed a supplemental complaint showing the transfer of interest or the right to continue the litigation theretofore instituted. The substitution having been allowed, probably the better practice would be for the court to direct the substituted party to file a supplemental complaint, showing the transfer and his right to continue the action, or for such party to obtain leave to file such a complaint; but the mere omission to file such a complaint, unless in disobedience of the court's order, does not render the cause subject to judgment on the pleadings. Nor does it furnish grounds for revoking the order of substitution. In some jurisdictions it is held that the issue touching the transfer of interest and the right of the substituted party to continue the litigation may notwithstanding be contested at the trial; the order of substitution being treated as made upon a prima facie showing only. It was so held in Campbell v. Irvine, 17 Mont. 476, 43 Pac. 626, where an assignee of

an account, being substituted for the original plaintiff, was permitted to prove the assignment, although not pleaded in the complaint. In Virgin v. Brubaker, 4 Nev. 31, it was held that, where the issues were all made up and substitution had, there was no necessity for filing a supplemental complaint showing the interest of the substituted party, and such is practically the holding of the court in Firman v. Bateman et al., 2 Utah, 268. See, also, Ferry v. Page, 8 Iowa, 455. In Smith v. Zalinski, 94 N. Y. 520, the court, after referring to the statute on the subject, says:

"And thus, pending an action, with its issues already raised and fixed by the pleadings, a transferee of the plaintiff's interest may move to be substituted in his place. Notice of the motion must be given to the defendant. On the hearing the applicant must establish his ownership, and the defendant may deny it. If there be doubt about it, the court may deny the motion and order the action to proceed irrespective of any such transfer. If there be no doubt about it, or the defendant by default or silence admits it, the court may order the substitution; and even then, if justice or safety requires, it may order an amendment of the pleadings, 'or otherwise.' By this process the defendant has ample chance to understand and contest the new ownership. If on the motion he raises the issue, the court may decide it, or order such supplemental pleadings beyond the mere substitution as to carry the contested issue over to the trial. If the court decides it, and orders substitution without changing the pleadings, it cannot be raised again upon the hearing."

But, whatever may be the correct practice, the trial court having allowed the substitution, which must be taken to have been done upon a prima facie case showing the Nome & Sinook Company's acquirement of interest in the subject-matter, and its right to continue the action in its name, it was a harsh proceeding to revoke the order of substitution without further cause than that the company had omitted to file a supplemental complaint or to ask leave for that purpose. The court had it fully within its power to direct such pleadings as was deemed necessary in order to protect the interest of the parties and accord a full and fair trial upon the merits of the controversy. It was error, therefore, in the trial court to revoke the order of substitution, and follow it by judgment on the pleadings.

The judgment will be reversed and the cause remanded for such other proceedings as may seem proper, not inconsistent with this opinion.