BAER v. SECURITY TRUST CO. et al.

In re STRATFORD SPRINGS CO.

Circuit Court of Appeals, Fourth Circuit.
July 11, 1929.

No. 2796.

For former opinion, see 32 F.(2d) 147.

James W. Ewing, P. J. McGinley, and Russell A. Klieves, all of Wheeling, W. Va., and Max Isaac, for movants.

Before PARKER and NORTHCOTT, Circuit Judges, and HAYES, District Judge.

PER CURIAM. This is a motion by the Security Trust Company and others, appellees, to set aside and annul the order, judgment, and decree heretofore entered in this cause and to dismiss the proceedings therein. No notice of the motion has been given appellant or his counsel, but appellees ask that the motion be received and docketed and that an order nisi be entered requiring them to show cause why the relief asked in the motion should not be granted. As grounds of the motion, it is alleged: (1) That no application for appeal or allowance of appeal was ever made in the cause; (2) that no allowance of appeal was made by this court under the Act of May 27, 1926 (11 USCA § 47(b), amending section 24(b) of the Bankruptcy Act; and (3) that the trustee in bankruptcy of the Stratford Springs Company was not served with notice of appeal or made a party appellee.

It should be observed in the beginning that this motion of appellees comes too late. The appeal was docketed in this court September 10, 1928. Thereafter appellees appeared generally and filed brief discussing the case upon the merits and suggesting none of the jurisdictional points raised by the motion. The appeal was heard November 16, 1928, when appellees appeared by counsel and argued at length upon the merits. On April 9, 1929, this court reversed the decree of the District Court and filed an opinion going fully into the merits of the case, which is reported in 32 F.(2d) 147. On May 6, 1929, appellees filed petition for rehearing, which was denied on July 1, 1929. A few days thereafter, on application of appellees, an order was filed staying the mandate of this court pending application to the Supreme Court for certiorari. And not until all of these things had been done was it suggested by appellees that the court was without jurisdiction. Even if there had been a defect in the taking of the appeal, we think that same was unquestionably waived by the fact that appellees appeared generally, without objection, and contested the case upon the merits. See 3 C. J. 1250; Dillingham v. Skein, Fed. Cas. No. 3912a; Shute v. Keyser, 149 U. S. 649, 13 S. Ct. 960, 37 L. Ed. 884; Chicago & P. Railroad Co. v. Blair, 100 U. S. 661, 25 L. Ed. 587; Farrar & Brown v. United States, 3 Pet. 459, 7 L. Ed. 741.

But, in addition to this, we think that the motion is utterly lacking in merit. We have examined the original papers in the cause, and there is no ground for the statement, "that no application for an appeal or the

allowance of an appeal was ever made in said cause." On the contrary, the order of the District Judge entered June 12, 1928, recites that appellant had given notice of appeal and had filed his assignments of error and appeal bond. Moreover, it expressly approved the bond and *allowed the appeal.* The citation was signed by the Judge on August 4th and service of same was accepted by counsel for appellees. In view of these circumstances, the contention that there was no application for or allowance of an appeal need not be further considered.

The contention that the allowance of the appeal was inoperative because not made by this court pursuant to the Act of May 27, 1926, amending section 24(b) of the Bankruptcy Act, is equally groundless. While arising on the proof of a secured claim, this was in reality a controversy arising in bankruptcy reviewable by appeal under section 24(a) of the Bankruptcy Act (11 USCA § 47(a). Mullen v. Warner (C. C. A. 4th) 11 F.(2d) 62, 64, and cases there cited. And, even if treated as a "proceeding in bankruptcy," an appeal would lie from the order of the court rejecting the claim, which was for more than $500, under section 25(a)(3) of the act (11 USCA § 48(a). Whether appeal lay under 24(a) or 25(a)(3), it could be granted by the District Judge. Application to this court to allow an appeal under 24(b) need be made only where it is sought to review "proceedings in bankruptcy" not included within the provisions of section 25. O'Brien's Manual of Federal Appellate Procedure, p. 76; Rutherford v. Elliott (C. C. A. 6th) 18 F.(2d) 956; Broders v. Lage (C. C. A. 8th) 25 F.(2d) 288; Stanley's Store v. Earl (C. C. A. 8th) 25 F.(2d) 458; Raich v. Olson (C. C. A. 8th) 25 F.(2d) 865; American State Bank v. Ullrich (C. C. A. 8th) 28 F.(2d) 753.

The point that the trustee was not made a party to the appeal is also lacking in merit. The order of June 12th shows that the trustee as well as Baer appealed from the order of the District Judge and filed an appeal bond, and that his appeal was allowed. The record does not show that he prosecuted his appeal in this court; but the appellees, who raised by petition in the court below the controversy which was brought here by appeal, appeared and contested most vigorously the allowance of the claim of appellant; and we cannot see that the presentation of the cause has been in any wise prejudiced by reason of the fact that the trustee was not before us. At all events, if appellees desired that the trustee be made a party to the proceedings here, or if they desired to object because he had not been made a party, they should have done so in apt time. The court had jurisdiction of the subject-matter of the appeal, and any defect of parties was waived by failure to make timely objection on that ground. 3 C. J. 1038; McNeil v. McNeil (C. C. A. 9th) 170 F. 289. The appellees certainly will not be heard to urge such objection at this late date.

As the motion of appellees is so manifestly lacking in merit, we do not think that further time of the court should be consumed or that the parties should be put to additional expense and inconvenience by the issuance of an order nisi. The motion will accordingly be denied.

Motion denied.